## The State of Kansas v. John Menhart.

WITNESS—*Liability for costs.* The complaining witness in a proceeding to prevent the commission of an offense is not in any event liable for costs.

### *Error from Bourbon District Court.*

MENHART filed an affidavit before a justice of the peace charging one J. B. with having threatened to commit injuries to the person of complainant. The proceedings were under art. 2 of the criminal code. B. was arrested, examined, and discharged; and the justice thereupon adjudged *Menhart* liable for the costs of the proceeding, taxed the costs against him, and gave judgment therefor. *Menhart* took the case to the district court by petition in error, and said court, at the June Term 1871 *reversed* the judgment of the justice, and adjudged the costs against *The State.* From this order and judgment of the district court *The State* appeals, and brings the case here on error.

*W. J. Bawden,* county attorney of Bourbon county, for The
State:

Sec. 13 of ch. 39, Gen. Stat., 481, provides, "That in all
cases   *   *   *   where any person charged with an offense
less than a felony shall be discharged for want of sufficient
evidence to convict or *bind over,* the prosecuting witness shall
be liable for the costs."

Language can scarcely be plainer, or more directly in point
with reference to the question in this case.  The words are
not "crime," or "felony," or "misdemeanor," but "an
offense less than felony," which most certainly embrace *all*
offenses less than felony.  But it is urged by the defendant
that in this class of prosecutions no *punishment* could follow,
consequently this is not an offense as contemplated by the
statute.  If no offense was committed then no law was
violated.  The defendant could not be arrested and arraigned
to answer for a violation unless there was a violation, or sup-
posed violation of some law.

The criminal laws of the state do not deprive citizens of
their liberty when *no* "offense" is committed by them.  Yet
the criminal code, § 9, ch. 82, Gen. Stat., provides, concerning
this class of cases, that "if it shall appear to the satisfaction
of such magistrate that there is reason to fear the commission
of such offense" (threatened against the person or property of
another) "he shall require the party complained of to enter
into a recognizance," etc.; and § 10 provides that "if such
recognizance be given, the party complained of shall be dis-
charged, but if he fail or refuse to find surety it shall be the
duty of the magistrate to *commit him to prison* until he find
the same," in which case, if the theory of the defense be true,
we find the anomaly of a man incarcerated in prison, under
the criminal law of the state, who has committed no offense.

That § 13, ch. 39, was designed to embrace prosecutions for
threatened breach of the peace is evident from the use of the
words, "*bind over.*"  The former part of the section provides
expressly for cases when persons are charged with a felony;

the last clause refers exclusively to *offenses* less than a felony. There is no provision in the law by which a justice of the peace can "bind over" a person for misdemeanor. The justice has jurisdiction to try and determine all cases of misdemeanor which may come before him, and not to "bind over." These words cannot refer to felonies, because provision is made in such cases in the former part of the section. The clause must therefore refer to prosecutions for threatened breach of the peace—it can mean no other.

*Hulett & McCleverty*, for defendant in error:

1. The only authority given justices for taxing costs against a complaining witness is found in § 13, page 481, and § 18, page 881, General Stat. There is no provision in the criminal code, (article 2, page 821,) to allow such a judgment, hence the justice erred in adjudging Menhart to pay the costs. 1 Doug., 41; 5 Ind., 541; 2 Blackf., 249; 11 Iowa, 367; 10 Ohio St., 381; 4 Scam., 163.

In all the states, "proceedings to prevent the commission of offenses," or "breaches of the peace," are distinct and separate, and in each the statute governs in each particular: 3 Iowa, 217; 16 Iowa, 406. So some states allow double and treble costs in certain cases; 2 Cow., 424; 19 Wend., 351; but only upon authority of the statute; and the justice in this case, there being no statute giving the power, had no more authority for adjudging the defendant to pay the costs than he had to adjudge him to pay double or treble costs.

2. The "proceedings to prevent the commission of offenses" are not to *punish* for offenses, felonies, or misdemeanors, but to *prevent offenses;* so that neither § 13, ch. 39, nor § 18, ch. 83, can apply. The proceeding is not a criminal action, for the prosecution of offenses, either felonies, or offenses less than a felony, but a special proceeding for the *prevention* of offenses. It is a proceeding to inquire whether an offense has been threatened, or is likely to be committed, and not a preliminary examination for an offense such as said § 13 is evidently intended to cover.

If a special statutory authority, viz., § 18, page 881, was necessary to permit a justice to adjudge the costs against a prosecuting witness in misdemeanors, is it not equally necessary in "proceedings to prevent the commission of offenses"? This may be a case of omission on the part of the legislature; but if so it is not in the power of the court to supply the omission.

The opinion of the court was delivered by

KINGMAN, C. J.: Is the complaining witness in a proceeding to prevent the commission of an offense under art. 2, ch. 82, Gen. Stat., 821, liable for the costs in a case where the justice holds that there is no cause for binding over the accused? The witness is not a *party* to the proceeding. If he is liable for the costs it must be by virtue of some statute. The one referred to as creating the liability is the first proviso to § 13 of the act relating to fees, (ch. 39, Gen. Stat., 481.) That section provides that where a person is charged with a felony, or with an offense less than a felony, and shall be discharged for want of sufficient evidence to convict or bind over, the prosecuting witness shall be liable for costs. In this case no person was charged with an "offense." That word has a statutory definition, (§ 2, ch. 82, p. 820,) which excludes its application to proceedings to preserve the peace. We know no reason why the legislature made the prosecuting witness liable in one case and not in another. No good reason is perceived for the distinction. Still the language of the statute does not apply to this case, and we cannot extend it. Counsel is mistaken in assuming that there are no misdemeanors of which justices have not jurisdiction. There are many such, and because of this error, his argument on the words "bind over," in the proviso, falls to the ground. The judgment is affirmed.

All the Justices concurring.