THE STATE OF KANSAS V. N. LOFLAND.

1. APPEALS FROM JUSTICES, *in Criminal Actions.* The judgment of a justice of the peace in a criminal case cannot be reviewed on petition in error in the district court.

2. JURISDICTION OF DISTRICT COURT; *Error from Justices Courts.* The district court has no jurisdiction of a criminal case removed on petition in error to it from the judgment of a justice of the peace.

*Error from Lyon District Court.*

IN July 1875, *Lofland* was arrested on a charge of assault and battery and brought before a justice of the peace, and on being arraigned pleaded guilty to the charge. A fine was assessed against him, which with the costs he was adjudged to pay. At the request of the justice the county attorney was present. A fee of $5 for the trial of the cause, for the county attorney, and a fee of fifty cents for the justice, for trial, were included in the costs taxed against defendant. Defendant moved the court to retax the costs, and strike out these two items, which motion was overruled. Other and subsequent proceedings are stated in the opinion. On petition in error, the district court, at the September Term 1875, reversed the decision of the justice as to said two items of costs, and gave judgment in favor of *Lofland* for the costs in the district court. And from such judgment *The State* now appeals, and brings the record here by petition in error for review.

*Gillett & Forde,* for The State.

*Randolph & Sedgwick,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: This was a criminal action. The judgment of the justice of the peace was rendered on a plea of guilty, and the defendant was sentenced and adjudged to pay a fine of $5, and the costs of prosecution, and stand committed to the county jail until the same were paid. The defendant

objected to the costs taxed for the county attorney and the justice of the peace for trial of the case, claiming that, as a plea of guilty was entered upon arraignment, no costs could be taxed for a trial. After a motion to retax costs had been overruled, and exceptions taken, the defendant attempted to remove the case to the district court on petition in error. No appeal was taken. The district court reversed the judgment of the justice of the peace as to the action had in overruling the motion to disallow the costs taxed for a trial of the case, and rendered judgment for defendant for said fees of $5.50 so taxed against him as costs, and also ordered that defendant as such plaintiff in error recover of the defendant in error his costs taxed at $2.65. Sec. 20 of procedure before justices in misdemeanors provides, "All proceedings, including the mode of procuring, and the grounds for, a change of venue, upon the trial of misdemeanors before a justice of the peace, shall be governed by the provisions of the code of criminal procedure, so far as the same are in their nature applicable, and in respect to which no provision is made by statute." Sec. 21 of the same procedure authorizes appeals. There is no statute permitting the district court to review on a petition in error the judgment of a justice of the peace in a criminal case. In the case of *The State v. Boyle*, 10 Kas. 113, this court decided that a criminal case must be removed from the district court to the supreme court on appeal, and not on petition in error.

As all proceedings upon the trial of misdemeanors before a justice of the peace are governed by the provisions of the code of criminal procedure, so far as applicable, unless different provision has been made by statute, and as appeals only are authorized in criminal trials before a justice of the peace, we conclude the defendant could not have the judgment of the justice of the peace reversed by the district court on a petition in error. As the district court had no jurisdiction of the cause except on appeal, and as no appeal was taken, the action of the district court was erroneous. The case of *The State v. Menhart*, 9 Kas. 98, referred to by counsel of appellee to sustain the judgment of the district court, is not

authority, as in that case the jurisdiction of the district court was neither questioned nor passed upon. The judgment of the court below must be reversed.

All the Justices concurring.