JOHN C. REISNER v. THE STATE OF KANSAS.

P. C. McGILVRAY v. THE STATE OF KANSAS.

1. REVIEWING QUESTIONS, *in Criminal Actions; Appeal, Not Error, the Proper Proceeding.* In a criminal action for assault and battery, appealed from a justice's court to the district court, the district court adjudged, upon an acquittal of the defendant, that the prosecuting witness should pay the costs. No appeal was ever taken from the district court to the supreme court. But the prosecuting witness made a case for the supreme court under the provisions of the code of civil procedure, and brought the case to the supreme court on such "case-made" and on petition in error. No appearance was made in the supreme court by either the county attorney or the attorney-general. *Held,* That the case was not rightfully brought to the supreme court, and that the petition in error must therefore be dismissed.

2. UNAUTHORIZED APPEARANCE, *Does not Cure Error.* An appearance in the supreme court for the state by any person not authorized by law to appear for the state, would not cure the error, and confer jurisdiction. (And *quære:* Would an appearance by even the county attorney, or attorney-general, under such circumstances make any difference?

Two CASES, brought here by petition in error—one from the district court of Atchison county—the other from the district court of Brown county. The actions were criminal, not civil; and questions of practice only, as to the proper mode of bringing such cases here, are decided. The *Reisner* case was tried at the March Term 1877 of Atchison district court; that of *McGilvray* at the April Term 1877 of Brown district court. All necessary facts are stated in the opinion.

In the *Reisner* case, *S. H. Glenn* appeared for plaintiff in error. No appearance for The State.

In the *McGilvray* case, *James Falloon* appeared for plaintiff in error, and *Lacock & Mulhollen,* and *W. J. Richardson,* for The State.

The opinion of the court was delivered by

VALENTINE, J.: John C. Reisner, plaintiff in error, made complaint under oath before J. K. Fisher, a justice of the

peace in the city and county of Atchison, charging one William Moore with the offense of "assault and battery." A warrant was issued.   Moore was arrested, brought before the court, was tried by the court and *convicted,* and sentenced to pay a fine and costs.   Moore took appeal, and afterward was tried by a jury in the district court upon the same charge, and therein the jury returned a verdict of "not guilty."  And thereupon the county attorney filed his motion to assess the costs against Reisner, the prosecuting witness, for the reason "that the defendant (in the prosecution) had been discharged," which motion the court sustained, and did assess all the costs of prosecution against said Reisner, prosecuting witness and plaintiff in error, against his objection, and to which he duly excepted.   No appeal was ever taken from the district court to the supreme court, but Reisner made a case for the supreme court under the provisions of the code of civil procedure, and brought the case to the supreme on such "case-made" and on petition in error.   No appearance has been made in this court by either the county attorney of Atchison county, or the attorney general.   Indeed, no appearance has been made in this court for the state by any person.   We therefore think that we have no jurisdiction to hear and determine the case upon its merits.   The case is not a civil action.   It is not an incident to a civil action; and it has no connection whatever to any civil action.   It is really a part and portion of and an incident to the criminal action brought by The State of Kansas against William Moore.   But in this particular phase of the case we should think that Reisner might be considered as the defendant, and The State of Kansas as the plaintiff.   And if Reisner has any right to bring the case to this court, (and we are inclined to think he has,) he must bring it here, not on petition in error, as though it were a civil action, but on appeal, as all criminal actions are brought to this court. (Gen. Stat. 865, 866, § 281, et seq.)   The petition in error in this case must be dismissed.

The case of McGilvray, plaintiff in error, against The State of Kansas, defendant in error, involves almost precisely

the same preliminary question, before the merits can be examined, as the Reisner case above mentioned does, and therefore the McGilvray case must also be dismissed. About the only difference between the two cases is, that in the McGilvray case there has been an appearance in this court for the state, while in the other case there was no such appearance. But this appearance in the McGilvray case is not made by the county attorney, nor by the attorney general, nor by any other person authorized by law to make an appearance for the state, and therefore we do not think that such an appearance *alone* can have the effect to authorize an examination of the case upon its merits. But even if the appearance had been made by the county attorney, or the attorney general, it would still be doubtful whether the case could be heard and examined upon a "*case-made*" and on a petition in error where no appeal had been taken, and no transcript of the proceedings of the court below had been brought to the supreme court.

The petitions in error in both cases are dismissed.

All the Justices concurring.