The State v. Campbell and Jones.

----

## THE STATE OF KANSAS v. JOHN CAMPBELL AND A. G. JONES.

1. COSTS, IN CRIMINAL CASES; *Prosecuting Witness, When Not Liable*. On complaint of B., made under section 253 of the crimes act, A. was arrested for a willful disturbance of the peace. On the trial before a justice, A. was convicted of the offense, and thereupon appealed the case to the district court. Afterward the county attorney, with consent of the prosecuting witness, and by leave of the court, entered a *nolle prosequi* in the case, and the defendant was discharged. *Held*, That B., the prosecuting witness, is not liable for costs.

2. ———— *When County Not Liable*. Costs are unknown to the common law, and are only given by statutory direction; and there being no provision of the statute requiring the county where the alleged offense is committed to pay the costs or fees in a criminal action of the character above stated, and disposed of as this one was, *held*, that the taxation of costs in this case to the county was erroneous.

*Appeal from Allen District Court.*

THE only questions here relate to costs and fees of officers and witnesses in criminal actions for disturbing the peace; and all necessary facts and proceedings are stated in the opinion. The county attorney of Allen county, upon the request of the county board of said county, brings the case here by appeal taken in the name of *The State.*

*Peter Bell,* county attorney, for appellant.

The opinion of the court was delivered by

HORTON, C. J.: This case was originally commenced before a justice of the peace, under section 253 of the crimes act, (Gen. Stat. 373,) against John Campbell and two others. A. G. Jones was the prosecuting witness. The case was tried before the justice, and the defendant Campbell having been convicted, gave bond and took an appeal to the district court, where, after several continuances, the case was called for trial at the July term 1877. Campbell announced himself ready for trial. The county attorney having been of counsel for the defendant Campbell, the court appointed one J. C. Murray to prosecute on behalf of the state, who, with the consent of the prosecuting witness, Jones, and by leave of the court, entered a *nolle prosequi* over the objections of Campbell, and Campbell was thereupon discharged. The county attorney then filed a motion to tax the costs in said action to the prosecuting witness, for the following reasons:

"1st, That the action was dismissed by the state with the knowledge and consent of the prosecuting witness, when the defendant Campbell was present and demanding trial. 2d, That the prosecution was without probable cause. 3d, That the prosecution was malicious."

A copy of the motion was served on said prosecuting witness, Jones, and afterward the motion came on to be heard. The state appeared by the county attorney. The defendant Jones appeared by J. C. Murray and J. R. Goodin, his attorneys. A jury was waived, and the cause submitted to the

court. The state offered to prove the truth of each and all the allegations contained in the motion. Jones, by his attorneys, objected to the introduction of any evidence in support of the motion, which objection the court sustained, and refused to allow the state to introduce any evidence, to which ruling of the court the state excepted, and reserved the point and question for the consideration of this court. Jones, by his attorneys, then moved the court to tax all the costs in the action of The State v. Campbell, and the costs of the first motion to tax costs, to Allen county, which motion the court sustained, and ordered and adjudged that all the costs in the case of The State v. John Campbell, and the costs of the motion to tax the costs to the prosecuting witness, be taxed to and be paid by Allen county; to which motion and judgment of the court the state excepted, and then and there reserved the question of the authority of the court to tax said costs to Allen county, and the liability of said county to pay the same, for the consideration of this court.

As to the first question reserved, we answer that the district court committed no error in refusing to hear the evidence on the motion of the county attorney to tax the costs in the action to the prosecuting witness. The prosecutor was not liable under any provision of the statute. This action was pending in the district court at the time of its dismissal, and section 13 of the act relating to fees, (Gen. Stat. 481,) has no application. That section relates to fees in proceedings before justices of the peace—not to actions in the district courts. Neither is the case presented to us within the letter of section 326 or section 327 of the criminal code, (Gen. Stat. 872,) to which we have been referred. The language of these provisions of the statute does not apply to this action, and we cannot extend them. (*The State v. Menhart*, 9 Kas. 98.)

As to the second question reserved by the state, our response is, that the court below erred in taxing any of the costs to Allen county. Costs are unknown to the common law. They are given only by statute, and may be changed, or taken away, at the will of the legislature. As there is no statute author-

izing or requiring the payment of any costs in this case from the county treasury of Allen county, the district court exceeded its power and committed error in attempting to compel the county to pay the costs. The county was not liable for the same.

This construction of our statutes may work injustice to officers and other parties who might be entitled equitably to have their fees paid by the county, or the prosecutor, or in some way; but as we are not the law-making power, we are not at liberty to add to the statute, nor responsible for the omission to provide for the payment of the costs in such cases. This omission seems to have been intentional. Sections 311 and 312 of the criminal code of 1859, Comp. Laws 1862, p. 281, prescribed that the costs in criminal actions should be paid by the county in which the offense was committed, when the defendant was convicted and unable to pay them; and when the defendant was acquitted, the costs were to be paid by the county, unless the prosecutor was adjudged to pay them. Said section 312, relating to costs in cases of acquittal, was omitted in the revision of 1868, and no section of like import inserted in its place. But for the *proviso* in section 19 of the act relating to fees, (ch. 39, Gen. Stat. 483–4,) which restricts the operation of that section to cases in which there is a conviction, that section might have given sheriffs and clerks authority to obtain their fees of the county, when not paid by the defendant or the prosecuting witness. As said section 19 is thus limited, it cannot apply in this action, nor in cases of acquittals.

The judgment of the district court will be reversed, and the case remanded with instructions to overrule the motion of Jones to tax the costs to Allen county.

All the Justices concurring.