THE STATE OF KANSAS v. JOHN C. REISNER.

1. COSTS, *Against Prosecuting Witness; Error*.  In a criminal prosecution for assault and battery, the defendant therein was, in a justice's court, convicted and sentenced to pay a fine and the costs, but on appeal, and in the district court, said defendant was acquitted and discharged.  The court then assessed the costs of the case against the prosecuting witness, on the ground "that the defendant had been tried, acquitted, and discharged."  *Held,* That this was error.

2. —————— The following sections of the statutes examined, and held not to authorize the said ruling of the district court, to-wit: Section 326 of the code of criminal procedure; section 18 of the act relating to jurisdiction and procedure before justices of the peace in cases of misdemeanor; and section 13 of the act fixing the fees of certain officers and persons.

*Appeal from Atchison District Court.*

THE decision and judgment appealed from were given by the district court, at the March Term 1877.  *Reisner* brings the case here on appeal.

*S. H. Glenn*, for appellant.

*C. F. Cochran*, for The State.

The opinion of the court was delivered by

VALENTINE, J.: Twice this case has been brought to this court, and each time by defendant Reisner. When here first, the case was dismissed because it was brought on petition in error, and on a "case-made;" (see *Reisner v. The State*, 19 Kas. 479.) This time it is brought on appeal, and on a full transcript of the record of the proceedings in the case in the court below. We shall now decide the case so far as it affects Reisner upon its merits. Nearly all the facts necessary for an understanding of the case are reported in 19 Kas. 479, 480. It will there be found that Reisner was the prosecuting witness in a certain case of assault-and-battery, wherein the state of Kansas was plaintiff, and William Moore was defendant; that Moore was found guilty in the justice's court, but acquitted in the district court, and that the district court then assessed the costs of the case against Reisner, the prosecuting witness. The only ground upon which said costs were assessed against Reisner, as shown by the record was, "that the defendant had been tried, acquitted, and discharged." We think the court below erred in assessing the costs against Reisner. The only sections of the statute that we are aware of that authorize the assessment of costs against the prosecuting witness are the following: Section 326, of the code of criminal procedure, (Gen. Stat. 872;) section 18, of the act relating to jurisdiction and procedure before justices of the peace in cases of misdemeanor, (Gen. Stat. 881;) and section 13 of the act fixing the fees of certain officers and persons, (Gen. Stat. 481.) Section 326 is unquestionably applicable to district courts; but before a prosecuting witness can be taxed with costs under that section it must "appear to the court or jury trying the case, that the prosecution has been instituted *without probable cause, and from malicious motives.*" Now it did not so "appear to the court or jury" in the pres-

ent case. A jury tried the case, and they made no such finding. Section 18 applies to justices courts; but under it the justice cannot tax the costs against the prosecuting witness unless "the justice or jury trying the case shall state in the finding that the complaint was malicious or without probable cause." This was not done in the justice's court in this case, or in any other court. On the contrary, in the justice's court the defendant Moore was found guilty, and sentenced to pay a fine and costs. Section 13 has no application to trials in the district court. (*The State v. Campbell*, 19 Kas. 483.) And it may be doubted whether it can apply to any costs, even in trials in justices court, except merely the *justice's fees*. The section, so far as it can possibly be supposed to have any application to this case, reads as follows:

"Justices of the peace shall receive the *following fees:* [Here follows a list of justices' fees and justices' fees only;] provided, that * * * where any person, charged with an offense less than a felony, shall be discharged for want of sufficient evidence to convict, or bind over, the prosecuting witness shall be liable for costs."

In this case in the justice's court the defendant was not " discharged for want of sufficient evidence to convict or bind over." On the contrary, he was convicted, and judgment rendered against him in the justice's court. But suppose that the defendant had been discharged in the justice's court: could the justice, under the proviso of section 13, have included more costs than his own fees mentioned in the body of the section?

The judgment of the court below taxing the costs against the prosecuting witness, Reisner, will be reversed.

All the Justices concurring.