COMMISSIONERS OF SHAWNEE COUNTY v. R. H. BALLINGER.

FEES AND COSTS; *Witness for Prosecution in Criminal Action, Where There is No Conviction.* B. was subpenaed as a witness on behalf of the state in a criminal action, pending in the district court of Shawnee county. He attended the court in obedience to the subpena. A *nolle prosequi* was entered on the trial of the action by the prosecuting attorney, with the leave of the court. Afterward B. brought an action against Shawnee county to recover fees and mileage as a witness. *Held*, That the county is not liable.

*Error from Shawnee District Court.*

IN obedience to the requirements of a subpena duly issued and served, *Ballinger* attended the Shawnee district court at the April term thereof 1876, as a witness on the part of the state in a criminal action, and necessarily traveled for such purpose the distance of 482 miles, going and returning. The cause was continued until the September term 1876, when *Ballinger* again attended as such witness, and necessarily traveled the same distance. The action in which he was so subpenaed was called for trial, a jury was impanneled, witnesses on the part of the state were sworn and testified, and at the end of four days, the attorney-general, on leave, dismissed the action. For such travel, and for his per diem while attending upon the court as a witness, *Ballinger* claimed $156.40, for which he presented a bill to the *Board of County Commissioners*. The county board disallowed the whole claim, and *Ballinger* brought suit. To his petition, the county attorney demurred. The district court, at the May Term 1877, overruled the demurrer, and gave judgment in favor of *Ballinger* for $156.40, and costs. The *Board of County Commissioners* appeals, and brings the case here on error.

*A. H. Vance*, county attorney, for plaintiff in error:

The county is not liable for costs in criminal cases, unless the defendant is convicted, and is unable to pay them. Sec. 325 of the criminal code is the only statute making the county liable for costs in criminal cases. The case of *The State v. Campbell*, 19 Kas. 481, is decisive of this case.

*W. C. Webb*, for defendant in error:

It must be admitted that the most careful examination fails to discover a section in our statutes relating to costs, which was supposed to be there, and to be easily found. Still, admitting that the liability for costs is purely a statutory liability, we insist that the county is liable for the costs

claimed by Ballinger. The county attorney relies upon the case of *The State v. Campbell*, 19 Kas. 481, and § 325 of crim. code of 1868, as construed in the Campbell case. In that case this court refers to §§ 311 and 312 of the crim. code of 1859, and says that the omission of § 312 from the revision of 1868 "seems to have been intentional," as "no section of like import was inserted in its place;" and the court evidently hinges its decision in the Campbell case on that "intentional omission" of § 312. It seems to me that a reëxamination of the sections, old and new, will lead to a different conclusion. The following are literal copies of the two sections in the crim. code of 1859, Comp. Laws 1862, page 281:

"SEC. 311. *The costs* shall be paid by the county in which the offense is committed, in which the defendant shall be convicted, and shall be unable to pay them.

"SEC. 312. In all cases in which, if the defendant is acquitted, *the costs* shall be paid by the county, unless the prosecutor shall be adjudged to pay them."

Now, as matter of fact and of law, no more bungling and unmeaning provisions can be found than these two sections —and yet they remained unchanged for nine years; and during that period, under the supposed authority of these sections, (which ought in fact to have been held void for uncertainty,) there grew up the practice of imposing upon the county all "*the costs*" incurred in criminal actions—all the costs incurred on the part of the defendant, as well as those on the part of the prosecution. Of course, when legislative attention was challenged to provisions receiving such construction, "no section of like import" would be left upon the statute book. Sec. 312 was wholly omitted. It is contended that that section imposed the costs on the county in cases of acquittal, and that its omission removes the liability. The section, as it reads, is arrant nonsense. To make anything of it, the words "in which," or the word "if," in the first line must be omitted. And when so read, it is as fair a construction to say, that the section had especial reference to the *defendant's costs*, witnesses' fees included, as to

say that it referred to the costs of the prosecution; and as § 311 did not distinguish between the costs on the part of the prosecution, and the costs on the part of the defendant, it would seem that, if valid for any purpose, said § 312 made the county liable for *all* the costs in cases of acquittal, as § 311 was invariably construed to impose *all* the costs on the county in cases of conviction. No sections having or receiving such construction, were allowed to remain. Hence, in the revision of 1868, Gen. Stat. 872, in place of said § 311, is this section.

"SEC. 325. The costs incurred *on the part of the prosecution* shall be paid by the county in which the offense is committed *when* the defendant *shall be convicted,* and shall be unable to pay them."

This is § 311, above quoted, amended by inserting the words "on the part of the prosecution," and (to correct a clerical error) changing the words "in which," to "when." In place of § 312 we find a new section (§ 326) prescribing when and in what cases the prosecuting witness shall pay costs. Sec. 328, (Gen. Stat. 872,) which is exactly like § 318 of the old code, (Comp. Laws, 282,) is as follows:

"Whenever any person shall be *convicted* of any crime or misdemeanor, *no costs incurred on his part,* except fees for board, shall be paid by the state or county."

Now, this provision is wholly useless, except upon the ground that other sections of the law impose the costs "on his part" on the county in cases where the defendant is *acquitted;* and to contend that the county is liable for the fees of *defendant's* witnesses, in case of acquittal, and not liable for the fees of witnesses on the part of the *prosecution* in such cases, would be absurd. It would seem therefore, that there was not any intentional omission of any provision fixing the liability of the county for witness fees on the part of the state; but rather, that in the effort to distinguish between the costs of the defendant, and those of the prosecution, the distinction between cases of "conviction" and cases of "acquittal," was overlooked. But there seems to be enough in the statutes as they are, in view of the general legislation as to the liability of counties for costs in criminal actions, and

the almost universal understanding of officers, witnesses, lawyers, and courts, and concessions of county boards, to hold that the county is liable for the witness fees claimed in this case. To adhere to the letter, rather than the spirit of the statute, is to hold that the policy of our laws, as they exist, is to reward a witness as his testimony shall tend to *convict* a party charged with the commission of crime. It is saying to the witness called on the part of the state, "If the defendant is *convicted*, the county will pay your fees; but if he is *acquitted*, not a cent will you get." Surely this is bribery, and tends to corruption and false-swearing. It is as much to the honor and dignity of the state to acquit an innocent person, as to convict a guilty one; hence the state should be satisfied in every case to obtain *the simple truth*, whatever be the result of the trial. Again, in some cases it happens, that though the defendant is guilty, and is clearly shown to be so by the testimony of the witnesses on the part of the prosecution, yet, from accident, or error on the part of the court, or the jury, or bribery and false-swearing on the part of the accused, there is a failure to convict. In such a case the state's witness "*earns* his wages," and ought to be paid. "The letter killeth, but the spirit giveth life." The judgment in this case should be affirmed.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially as follows: The defendant in error was subpenaed as a witness on behalf of the prosecution in the case of "The State of Kansas v. A. J. Mowrey," a criminal action pending in the district court of Shawnee county. He attended the court in obedience to the subpena, but was not called as a witness, because a *nolle prosequi* was entered in the action, with leave of the court. Afterward he brought an action to recover his fees and mileage as a witness. The court below rendered judgment against plaintiff in error.

Was the county liable? We answer no. It is conceded that the county is not liable in the absence of a statute mak-

ing it liable; and counsel for defendant in error confesses he cannot point out any section of the statute clearly and certainly fixing such a liability. He ingeniously argues however, that by a liberal construction of the statutes relating to costs, it is evident the legislature did not intend to leave the costs in cases of acquittals, and where *nolles* were entered, unprovided for; and he very forcibly suggests that the lawmakers never intended to tempt a witness to color or distort his testimony with the reward that, if the defendant was convicted, he would obtain compensation for his services and expenses, but if discharged, he could have no pay. The latter portion of the argument of counsel would be valuable to present to the attention of the legislature; but with our view of the law we think there has been an omission to provide by statute for the payment of the costs in such cases as this, and that omission we cannot supply. We cannot legislate. The argument of counsel tends to the belief that this omission was accidental, rather than intentional, as stated in *The State v. Campbell*, 19 Kas. 481. Whether the omission was an oversight, or intentional, is really immaterial. It exists in fact, and we cannot cure the defect of the statute. *The State v. Campbell*, supra.

The judgment of the district court must be reversed, and the case remanded with instructions to sustain the demurrer of plaintiff in error to the petition filed by defendant in error.

All the Justices concurring.

THE case of the board of county commissioners of Pawnee county v. J. M. Miller, on error from Pawnee district court, was also an action against the county to recover witness fees in a criminal action, and is here on demurrer to the petition. In accordance with the decisions in *The State v. Campbell*, 19 Kas. 481, and *Commissioners of Shawnee County v. R. H. Ballinger*, just decided, the judgment of the district court must be reversed, and the case remanded with instructions to sustain the demurrer of the plaintiff in error.

All the Justices concurring.