## THE STATE OF KANSAS V. JOHN DEAN.

WITNESS—*Liability for Costs.* The district court has no power, under ₴ 16, ch. 82, Compiled Laws 1879, to adjudge any costs against the complaining witness.

### *Appeal from Ellis District Court.*

AT the March Term, 1880, of the district court, in a proceeding to prevent the commission of an offense, a judgment for certain costs was rendered against the complaining wit- ness, Wm. McKay, who brings the case here.

*A. D. Gilkeson,* and *J. G. Mohler,* for appellant.

*D. C. Nellis,* for The State.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially as follows: On the 19th day of February, 1880, complaint was made by Wm. McKay, before G. W. Humphrey, justice of the peace of Ellis county, against John Dean, under § 8, art. 2, ch. 82, Comp. Laws 1879. Upon examination, the justice found there was reason to fear the commission of the offense charged in the complaint, and required the said John Dean to enter into a recognizance for his appearance before the district court on the first day of the next term, etc. Upon the hearing had in the district court on March 26th, 1880, the court discharged the recognizance taken, and adjudged the costs as follows: To the defendant, John Dean, the costs in the justice's court, amounting to seventy-nine dollars and twenty-five cents; and to the complaining witness, Wm. McKay, the costs in the district court, amounting to eighty dollars and thirty-five cents. Execution was ordered to issue, to collect said sums. Wm. McKay excepted, and brings the case here on appeal.

Section 16 of the criminal code provides that—

"Upon the appearance of the respective parties, and in cases

where there is no complaint, the court shall examine the evidence, and may either discharge the recognizance taken, or require a new recognizance, as the circumstances of the case may require, for such time as shall appear necessary, not exceeding one year; and, in such cases, costs, shall be adjudged according to the discretion of the court."

In *State v. Menhart*, 9 Kas. 98, the question rose directly as to whether the complaining witness in a proceeding to prevent the commission of an offense under said art. 2, ch. 82, was liable for the costs in a case where the justice holds that there is no cause for binding over the accused. It was held he was not. The court said: "The witness is not a party to the proceeding."

Following that decision, the result is obtained that in the case at bar, the complaining witness was not a party to the proceeding in the district court so as to make him liable for costs, and that the discretion of the court in taxing costs is limited to the parties before it, to wit, the state and the defendant. The complaining witness cannot therefore be adjudged to pay any costs.

The judgment must be reversed, and cause remanded.

All the Justices concurring.