## In the Matter of the Petition of JOHN STONEBERGER for a Writ of Habeas Corpus.

COMPLAINING WITNESS, *When not Liable for Costs.* Where a person files a complaint in writing before a justice of the peace, charging that a defendant has committed an assault and battery upon him, and the justice afterward discharges the defendant upon the ground that the complaint does not charge an offense, he has no authority to commit the complainant to jail until the costs are paid, or render judgment against him for costs upon the ground that the complaint was without probable cause.

### Original Proceedings in Habeas Corpus.

PETITION for a writ of *habeas corpus,* filed in this court February 27, 1884, by *Stoneberger* against the sheriff of Ford county. The application was heard by HORTON, C. J., and the writ issued and made returnable March 4, 1884, before the supreme court in Topeka. The opinion states the facts.

*T. S. Haun,* for petitioner.

*W. S. Kenyon,* county attorney of Hodgeman county, for The State.

The opinion of the court was delivered by

HORTON, C. J.: It appears in this case that on February 13, 1884, John Stoneberger filed with A. Stevens, a justice of the peace of Hodgeman county, a complaint against D. M. Jessup, alleging that the latter had committed an assault and battery upon him. Jessup was arrested, and brought before the justice to answer the complaint. He demanded an immediate trial, which the justice refused, and granted a continuance until February 19 following. On February 19, 1884, the defendant obtained a change of venue, and the cause was sent to J. D. Mackay, another justice of the peace of the county, for trial. When the case was called before Mackay, a motion was made by the defendant, Jessup, to discharge him upon the ground that the complaint did not

charge any offense. This motion was sustained, and thereupon the defendant was discharged. The defendant's attorney then asked that the costs be taxed against the complainant, whereupon the latter made a verbal statement, and the defendant, Jessup, also made a verbal statement. Neither of the statements of the parties was under oath. Thereupon the justice made a finding that the complaint was without probable cause, and rendered judgment against the complainant for all the costs, and ordered him committed to the jail of Ford county until the costs were paid.

The complaint was sufficient for the trial of the defendant for an assault and battery. The statement of the defendant in court showed that he was guilty of the charge made against him. The judgment of the justice against the complainant for costs and committing him to jail was without authority of law, and void. There is no statute authorizing a justice to adjudge costs against a complainant in a criminal proceeding before him where the complaint is disposed of by a motion to discharge the defendant on the ground that no offense is charged therein. (Comp. Laws of 1879, ch. 83, §19; *The State v. Meinhart,* 9 Kas. 98; *The State v. Campbell,* 19 id. 481; *The State v. Dean,* 24 id. 53; *Bonney v. Van Buren Co.,* 2 G. Greene, 230.)

The petitioner will be discharged.

All the Justices concurring.