GEORGE BENNETT, *et al.*, v. HENRY KROTH.

FELONY—*Acquittal—Witness—Recovery of Fees.* Where a defendant is tried for a felony and acquitted, a witness, who appeared at the trial on his behalf in obedience to a subpena, may recover compensation of the defendant in an action brought against him for services performed at his request.

### *Error from Jackson District Court.*

ACTION by *Kroth* against *Bennett* and another, to recover for certain services as a witness for defendants. At the November Term, 1885, the court overruled the defendants' demurrer to the petition, and gave judgment for plaintiff for $10.70 and costs. The defendants bring the case here. The opinion contains a sufficient statement of the facts.

*Hayden & Hayden,* for plaintiffs in error.
*W. S. Hoaglin,* and *John T. Morton,* for defendant in error.

Opinion by HOLT, C.: The petition filed by the defendant in error, plaintiff below, is in the usual form for services rendered; it states that plaintiff was in attendance upon the district court for five days at defendants' request; that he was compelled to travel thirty-two miles in going to and returning from court. The defendants demurred to the petition, because it did not state facts sufficient to constitute a cause of action. The demurrer was overruled by the court, and judgment rendered for plaintiff for the amount claimed in his petition. Nothing was stated therein concerning fees, though the claim was for the sum the fees would be for attendance at court and mileage, as provided by statute. Both parties agree that there is only one question in this case, and that is, whether a defendant tried for a felony and acquitted, is liable to his own witnesses. If he is, then this judgment should be affirmed; if not, it should be reversed.

Plaintiffs in error suggest that there are quite a number of other claims similar to this one, and as it is a question of some

public importance, we give it more careful consideration than the sum involved may at first seem to justify. The plaintiffs in error, in their brief, say:

"The constitution guarantees to every person accused of crime the right to meet the witness face to face, and to have compulsory process to compel the attendance of witnesses in his behalf. By this compulsory process the state in its sovereign capacity commands the witness to appear and testify, not merely for the sake of the plaintiff or defendant, but for the investigation and adjudication of right. The service which the witness thus renders is merely the discharge of a public duty which he owes to the state; and, unless some statutory provision is made for his compensation, he must render such service gratuitously."

They further say, that costs and fees are regulated exclusively by statute, and are unknown at common law, and because there is no statute compelling a defendant to pay costs when he is acquitted, therefore the defendants are not liable in this action. This court has held "that costs are unknown at common law, and are only given by statutory direction." (*The State v. Campbell,* 19 Kas. 481.) It is well enough, therefore, for us to understand what is meant by costs: they are the statutory allowance to a party to an action for his expenses in conducting such action; they have reference only to the parties, and the amounts paid or presumed to have been paid by the party seeking to recover such expenses. The basis of the claim in this cause is not founded upon any claim for costs in the action of the state of Kansas against these defendants; but the question is whether the plaintiff, who was requested to appear in court by the defendants, as alleged in his petition, can recover of them for his services. Ordinarily, of course, at common law he could, for services rendered at their request.

We wish, however, to decide this question on the theory that the plaintiff was regularly subpenaed to appear in court as a witness for the defendants, and not at their personal request, as might fairly be inferred from the petition. If the defendants' theory is correct, we have this singular construction of the law: when a defendant personally requests a party to

appear in court as a witness in his behalf, he will be liable to such witness for services rendered; but when he requests him to appear through the proper officers of the court, then the fact that the officers brought his witness into court would relieve him of such liability. We cannot believe there is any such distinction.

We agree with the defendants, that the state in the exercise of its sovereignty may require certain services of its citizens without compensation; and this state does to this day bring its witnesses into court in certain causes where it is a party, without becoming liable to them in any event for witness fees. It is said that it is as much the duty and interest of the state to see to it that an innocent man charged with crime is acquitted, as it is to convict and punish a criminal; and therefore it is contended that in cases like the one we are now considering, because the state is relieved of the burden of paying costs, the defendant ought not to pay his own witnesses. An argument might be fairly drawn from the above premises that it would be proper for the state to pay the witness of a defendant who has been falsely charged with, and unjustly prosecuted for an alleged crime. Such an argument would be properly addressed to the legislature, but it has no place in the courts.

Our statute relieves the state in this case of all liability in express terms. It would not be liable, probably, if there were no such statutory provision; but it is insisted, because the defendants cannot recover their costs of the state, the witnesses for the defendants ought not to recover of them; or, in other words, if for any reason B could not recover of A for damages A had inflicted upon him, therefore B would not be liable to C, though B had called upon him for aid against A. This is neither good law nor logic. While the state is equally interested in the acquittal of the innocent and in the conviction of the guilty, the long-established practice in the courts does not carry out the theory contended for. The state employs and pays an attorney to select the witnesses for the state, and to prosecute the action, while the defendant employs his own counsel and calls the witnesses in his own behalf. The

defendant has a personal interest in his own behalf, differing from that of other citizens of the state. He is given by the law an ample opportunity to protect himself, and it is his province, prompted by self-interest, to do so. So he calls upon those whom he believes may help him; they do so at his request; he should pay them for their services.

The provision of our constitution guaranteeing compulsory process to every one charged with crime does not extend to the payment of the fees of the witnesses for the defendant, nor does it relieve him of his liability to them. (*Carpenter v. The People*, 3 Gilman, 147.)

The state by this provision gives every facility for a fair and impartial trial to all citizens alike, high and low, rich and poor; and in order to give a defendant the full benefit thereof, provides by a statute in harmony with it, that inability to pay his fees in advance shall not impair his means of defense. This clause of our constitution has no more application to paying the defendant's witnesses than in selecting them. After the defendant has filed his precipe for witnesses, the state guarantees to the defendant the use of all its powers in bringing them into court; this is its scope and effect, and nothing more.

But, in our view of the case, we need not decide what may be the duties of the citizen to the state, nor of the state to one of its citizens who is called as a witness into its courts, nor even to one who has been charged with crime, and tried, and acquitted. It is the question of liability of one party to another — these defendants to their witness whom they called to their aid. It does not change the relations, duties or obligations of these parties, so far as the liability of these defendants to plaintiff for compensation is concerned, because he upon whom they called, in order to render the aid desired, came into court as a witness in their behalf; nor does it affect that liability because the state, in defendants' interest, could have made that call imperative. We believe that the rule, that he who requires and receives services from another should pay him therefor, applies to this action, and should govern our decision.

We presume it will be conceded, that a witness would be liable to the defendant for any damages occasioned by his failure to attend court when regularly subpenaed. Ordinarily it would be fair to infer that, because of this contingent liability of the witness to the defendant if he failed to perform certain services, there ought on the other hand to be some compensation if he did perform them.

We have carefully examined all the authorities cited in the briefs of both parties. Many of them relate to costs or fees in civil actions; others to the taxation of costs in actions pending; while others were decided with reference to the statutes of the state where the decisions were rendered. The only authority we find in point is *The State v. Whithed*, 3 Murphey (N. C.), 223. The point decided was submitted in the original case, not in an action by the witness against the defendant. It was this: Where a defendant had been tried and acquitted, would he be liable for costs, and if so, what costs? The court, in deciding the case, said:

"The defendant is bound to pay his own costs, for he incurs them by calling on those whose services he thinks he needs, and he must pay them for labor done at his request."

In that state, as in this, there was no statute concerning the liability of the defendant to his own witnesses, when he had been charged with a crime and acquitted.

We believe the judgment of the court below should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.