*THE STATE EX REL THE BOARD OF COMMISSIONERS OF GALLIA COUNTY v. THE BOARD OF COMMISSIONERS OF MEIGS COUNTY.

1. RECOVERY OF COSTS IN ANY CASE DEPENDS UPON STATUTORY PROVISION.

At common law, costs were not recoverable, *eo nomine*, either in civil actions or criminal prosecutions; hence their recovery in any case depends wholly upon statutory provisions therefor.

2. LEGAL SIGNIFICATION OF THE WORD "COSTS."

The word "costs" has long had a legal signification, and in Ohio it covers only those expenditures in a suit which by law are taxable, and to be included in the judgment therein.

FEES OF PERSONS SUMMONED AS JURORS IN CRIMINAL CASES.

Under the law of this state, the fees of persons summoned as jurors in criminal cases, whether used on the trial or discharged, are not taxable as costs against a party convicted of an offense.

4. PAYMENT OF COSTS INCURRED BY CHANGE OF VENUE IN CRIMINAL CASES.

This term, as used in section 7264 Revised Statutes which provides for a change of venue in criminal trials, and for the reimbursement of the county to which a case is thus sent, for "costs accruing" from such change, must be read as having its usual legal import. Therefore, L. being indicted in M. county for murder, the venue changed to G. county, where the case was tried, and he convicted o manslaughter; *Held*, that the latter county is not entitled to recover from the former, fees it was compelled to pay to persons summoned as jurors in the case, notwithstanding they were necessarily and properly called for such service.

* For decision of the court of common pleas, affirmed by this decision, see 6 S. & C. P. (17), 240.

SIBLEY, J.

This is a suit in mandamus, begun in the court of common pleas for Meigs county. The petition duly sets out a change of venue from Meigs to Gallia county, in the case of the State against one Lindsay, indicted for murder in the first degree, and that said cause was assigned to be tried in the Gallia common pleas, November 9, 1896. It then alleges the due issuance and service of a venire consisting of 36 names for a special jury in said case; also, of a special venire consisting of 15 names; the trial of said Lindsey by a jury impanelled from the jurors thus summoned, and his conviction of the offense of manslaughter. The payment under protest by Gallia county of the fees of the jurors so called, amounting to $380, is duly averred, as is its proper demand upon the commissioners of Meigs county for reimbursement, and their refusal to grant it. A mandamus to compel the issuance of a voucher for the amount paid as aforesaid, with interest, also is prayed.

To this petition a general demurrer was interposed and sustained; and leave to amend not being asked, the defendant had judgment thereon for its costs. To this action of the court below exceptions were taken, and upon the record so made the case is brought here by a petition in error.

As thus presented, there is but a single feature of controversy. On the facts alleged, was the defendant legally obligated to repay the plaintiff for the expenditures necessarily incurred in getting a jury to try the case which, by a change of venue, was sent to its county for trial? The determination of this question finally will be found to turn upon the construction to be given the last clause of section 7264, Revised Statutes which is as follows: "The prosecuting attorney of the county in which the indictment was found shall take charge of and try the case; and the court on application may appoint one or more attorneys to assist him in the trial, and allow such compensation as it deems reasonable, and the costs accruing from a change of venue, including the compensation of the attorneys appointed to assist the prosecuting attorney, and the reasonable expenses of the prosecuting attorney incurred in consequence of such change of venue, shall be allowed and paid by the commissioners of the county in which such indictment is found."

It is manifest that if a recovery can be had under this statute, it must be by a reading which will make the term "costs" therein include the fees of jurors, such as here are in dispute. Hence on the import of this word as there used, and the law respecting the taxation of costs in criminal cases, the decision of this case evidently hinges.

Claim is not made that the fees of jurors here in question can be taxed as costs, against one convicted of a crime. The law at this point is embodied in section 6799 Revised Statutes, which provides that in all convictions the "court shall render judgment against the defendant for the costs of prosecution, including a jury fee of six dollars." That this excludes any other charge growing out of the expenses necessary in getting a jury for criminal trials, as costs of a case, is too clear for debate. The one question left, therefore, is as to what the word "costs" in section 7264 includes, as there used.

By the common law, no costs were awarded to either party, _eo nomine_. If the plaintiff failed to recover, he was amerced _pro falso clamore_. If he recovered judgment, the defendant was _in misericordia_ for his unjust detention of the plaintiff's debt, and was not, therefore, punished with the _expensa litis_ under that title. But this being considered a great hardship,

the statute of Gloucester, 6 Ed. I., c. 1, was passed, which gave costs in all cases when the plaintiff recovered damages. This was the origin of costs *de incremento*. *Day* v. *Woodworth*, 13 How., U. S., 372; *Bell* v. *Bates*, 3 Ohio, 380. The latter case declares that, "in this state costs, as a general rule, have ever been allowed to the party recovering judgment. The amount to be taxed, however, has been varied from time to time, the whole being regulated by statute." P. 381 ; *Farrier* v. *Cairns*, 5 Ohio, 47.

The doctrine thus stated respecting civil cases is equally well established with regard to criminal prosecutions. As stated in a note to *Noyes* v. *State*, 32 Am. R.. 715; the United States supreme court, at its October term, 1879, held that "costs in criminal proceedings are a creature of statute and a court has no power to award them unless some statute has conferred it. By the common law the public pays no costs. In England the king does not, and the state stands in place of the king." U. S. ex rel. *Phillips* v. *Gaines*; *Gim* v. *W. S. Dist.*, 57 Pa. St. 433,-98 Am. D., 242; *Bennet* v. *Kroth*, 37 Kas., 235-1 Am. St., 248.

So early as 1832 it was held by the supreme court on the circuit, that the "word costs has a legal signification," and also, that "it includes only those expenditures which are, by law taxable, and to be included in the judgment". *McDonald* v. *Page*, Wright's R. 121; *Ela* v. *Knox*, 46 N. H. 16,- 88 Am. D. 179; *Bennet* v. *Kroth*, 37 Kas. 235,-1 Am. St., 248.

We are not aware that, since their first enunciation the principles thus stated have been questioned by any court of our state. When this statute was enacted, therefore, the term "costs" had a settled legal meaning which, by force of a familiar rule of interpretation, will here be given to it, unless the context contains something requiring a different reading. Examination of that, however, only, serves to make clear the intention of the legislature to use the word, in this instance, in its usual legal sense. Expenditures that would not be covered by it, thus understood, are specially provided for, as, for example, the expenses of the prosecuting attorney. Consequently the maxim, *expressio unius, est exclusio alterius*, applies, and excludes jury fees, not taxable as costs.

Consideration, also of the consequences of a different interpretation conducts to the same conclusion. If the "costs" to which this statute refers are construed to include the fees of jurors that are not taxable against the defendant, what expense of the trial, paid by the county in which it was had, would be excluded ? How, in that view, could reimbursement for the hire of a janitor, the pay of bailiffs, and the like, be denied? Yet it cannot be and is not claimed that such expenditures are within the scope of this legislation. No more, as we think, after full consideration, are those for which a recovery is sought in this action. Any hardship or seeming injustice in the operation of the statute under consideration, is for the legislature to remedy, as in other states has been done. Courts are empowered to declare and apply the law as it is, in cases before them, not to make or change it.

We find, then, no error apparent in this record, and the judgment of the common pleas is therefore affirmed.

*R. M. Switzer*, Pros. Attorney, for Plaintiff.

*S. E. Hecox*, Pros. Attorney, for Defendant.