Sibley, J.
This is a suit in mandamus,begun in the court of common pleas of Meigs county. The petition duly sets^out a change of venue from Meigs to Gallia county, in the case of the State against one Lindsay, indicted for murder in the first degree, and that said cause was assigned to be tried in the Gallia common pleas, November 9, 1896. It then alleges the due issuance and service of a venire consisting of thirty-six names for a special jury in said case; also, of a special venire consisting of fifteen names; the trial of said^Lindsay by a jury impaneled from the jurors thus summoned, and *27 his conviction oí the offense of manslaughter. The payment under protest by Gallia county of the fees of the jurors so called, amounting to $380 is duly averred, as is its proper demand upon the Commissioners of Meigs county for reimbursement, and their refusal to grant it, A mandamus to compel the issuance of a voucher for the amount paid as aforesaid, with interest, also is prayed
To this petition a general demurrer was interposed and sustained, and leave to amend not being asked, the defendant had judgment thereon for its costs. To this action of the court below exceptions were taken, and upon the record so made the case is brought here by a petition in error.
As thus presented, there is but a single feature of controversy. On the facts alleged, was the defendant legally obligated to re-pay the plaintiff for the expenditures necessarily incurred in getting a jury to try the case which, by a change of venue, was sent to its county for trial? The determination of this question finally will be found to turn upon the construction to be given the last clause of section 7264, Revised Statutes, which is as follows:
“The prosecuting attorney of the county in which the indictment was found shall take charge of and try the case; and the court, on application, may appoint one or more attorneys to assist him in the trial, and allow such compensation as it deems reasonable; and the costs accruing from a change of venue, including the compensation of the attorneys appointed to assist the prosecuting attorney, and the reasonable expenses of the prosecuting attorney incurred in consequence of such change of venue, shall be allowed and paid by the commissioners of the county in which such indictment is found. ’ ’
It is manifest that if a recovery can be had under this statute, it must be by a reading which will make the term “costs” therein include the fees of jurors, such as are in dispute. Hence, on the import of this word, as there used, and the law respecting the taxation of costs in criminal cases, the decision of this case evidently hinges.
*28 Claim is not made that the fees of jurors herein question can be taxed as costs against one convicted of a crime. The law at this point is embodied in section 6799, Revised Statutes, which provides that in all convictions the “court shall render judgment against the defendant for the costs of prosecution, including a jury fee of six dollars.” That this excludes any other charge growing out of the expense necessary in getting a jury for criminal trials, as costs of a case, is too clear for debate. The one question left, therefore, is as to what the word “costs,” in section 7264, includes, as there used.
“By the common law, no costs were awarded to either party, eo nomine. If the plaintiff failed to recover, be was amerced pro falso clamare. If be recovered judgment, the defendant was in misericordia for his unjust detention of the plaintiff’s debt, and was not, therefore, punished with the eaypensa litis under that title, But this being considered a great hardship, the statute of Gloucester, 6 Ed. I., c. 1, was passed, which gave costs in all cases when the plaintiff recovered damages. This was the origin of costs de incremento.” (Day v. Woodworth, 13 How., U. S., 372; Bell v. Bates, 3 Ohio, 380.) The latter case declares that, “in this state, costs, as a general rule, have been allowed to the party recovering judgment. The amount to be taxed, however, has been varied from time to time, the whole being regulated by statute.” (P. 381; Farrier v. Cairns, 5 Ohio, 47.)
The doctrine thus stated,respecting civil cases 'is equally well established with regard to criminal prosecutions. As-stated in a note of Noyes v. State, (32 Am. Rep., 715), the United States Supreme Court, at its October term, 1879, held that “costs in criminal proceedings are a creature of statute, and a court has no power to award them unless some statute has conferred it. By the common law the public pays no costs. In England the King does not, and the *29 State stands in place of the King. ” (U. S. ex rel. Phillips v. Gaines; Gim v. W. S. Dist., 57 Pa. St., 433, 98 Am. D., 242; Bennet v. Kroth, 37 Kas., 235, 1 Am. St., 248.)
So early as 1832 it was held by the supreme court on the circuit that the “word “costs” has a legal signification, and also that “it includes only those expenditures which are by law, taxable, and to be included in the judgment'.” (McDonald v. Page, Wright’s R., 121; Ela v. Knox, 46 N. H., 16, 88 Am. D., 179; Bennet v. Kroth, 37 Kas., 235. 1 Am. St., 248.)
We are not aware that, since their first enunciation, the principles thus stated have been questioned by any court of our state. When - this statute was enacted, therefore, the term “costs” had a settled legal meaning which, by force of a familiar rule of interpretation, will here be given to it, unless the context contains something requiring a different reading. Examination of that, however, only serves to make clear the intention of the legislature to use the word, in this instance, in its usual legal sense. Expenditures that would not be covered by it, thus understood, áre specially provided for, as, for example, the expenses of the prosecuting attorney. Consequently the maxim, expressio unius est cxcltisio alierius, applies, and excludes jury fees, not taxable as costs.
Consideration, also, of the consequences of a different interpretation conducts to the same conclusion. If the “costs” to which this statute refers are construed to include the fees of jurors that are not taxable against the defendant, what expense of the trial, paid by the county in which it was had, would be excluded? How, in that view, could reimbursement for the hire of a janitor, the pay of bailiffs, and the like, be denied? Yet ifcannot be and is not claimed that such expenditures are within the scope of this legislation. No -more, as we think, after full consideration, are those for which a recovery is sought in this action. Any *30 hardship or seeming injustice in the operation of the statute under consideration, is for the legislature to remedy, as in other states has been done. Courts are empowered to declare and apply the law as it is, in cases before them, not to make or change it.
R. M. Switzer, Prosecuting Attorney, for Plaintiff.
S. E. Heeox, Prosecuting Attorney, for Defendant.
We find, then, no error apparent in this record, and the judgment of the common pleas is therefore affirmed,