## AS TO RECOVERY OF COSTS IN AN ACTION FOR A NUISANCE.

Common Pleas Court of Morrow County.

THOMAS J. ARCHER v. INCORPORATED VILLAGE OF MT. GILEAD.

Decided, August 13, 1912.  .

*Costs—May Be Recovered in an Action for Maintaining a Nuisance, When—Horse Injured in Hole in Street—Sections 11626 and 10232.*

1. An action for damages for injury to a horse resulting from a hole in a public street is an action for a nuisance.
2. Inasmuch as justices of the peace do not have jurisdiction in such a case, a plaintiff recovering a judgment for less than $100 and more than $5 may also recover his costs.

*Thomas J. Archer,* for plaintiff.
*J. W. Barry,* contra.

DEVOR, J.

This cause is submitted to the court upon a motion to retax costs.

The plaintiff brought an action against the defendant in the Common Pleas Court of Morrow County, Ohio, to recover $110 for injury to his horse on the streets of Mt. Gilead, Ohio.

The petition alleged that the defendant without exercising ordinary care negligently suffered a deep and dangerous hole to be open at a watering place for horses in a public street of said village without any light or protection of any kind whatever; that without fault on his part and whilst driving a team of horses over said street one of his horses fell into said hole and was injured.

The answer set up contributory negligence and denied liability.

The jury returned a verdict for $53.41 for plaintiff. Motion for new trial was overruled and judgment entered against the defendant for $53.41, with all costs.

A motion to re-tax the costs is submitted by defendant and it is contended that the plaintiff can not recover his costs, because:

1. The verdict was less than $100 and a justice of the peace had jurisdiction.

2. The action is not one for the abatement of a nuisance.

3. The court is without jurisdiction to render judgment against defendant for plaintiff's costs.

4. That the action is one for injury to personal property.

"Costs are only recoverable by force of the statute law, and the allowance of them in any case depends upon the terms of the statutes.

"Costs are unknown at common law and can only be given by statutory directions." *Bennett* v. *Kroth,* 37 Kan., 235.

Did a justice of the peace have jurisdiction of this action?

It is clear that if a justice of the peace had jurisdiction of this action, the plaintiff can not recover his costs.

Section 11626, General Code, provides that "in all actions for libel, slander, malicious prosecution, assault, assault and battery, false imprisonment, criminal conversation or seduction, actions for nuisance, or against a justice of the peace for misconduct in office, when the damage assessed is under five dollars, the plaintiff shall not recover costs."

In some of these actions that are mentioned in the above section, it is specifically provided by Section 10232, General Code, that the justice of the peace shall not have jurisdiction; and in others, as false imprisonment, criminal conversation or seduction and actions for nuisance, the statute is silent as to the jurisdiction of the justice.

1. Can an action for damages for a nuisance be brought before a justice of the peace? And

2. What is an action for a nuisance? And

3. What is a nuisance?

A nuisance is defined as anything that worketh hurt, inconvenience, or damage.

An action for a nuisance "certainly can not be an action to abate a nuisance.  An action for slander, for assault and battery, etc., is certainly an action for damages resulting from the slander, the assault and battery, etc.  By analogy, an action for a nuisance is an action for damages resulting from a nuisance."

"We conclude that the general accepted rule is that although the nuisance be a public one, yet it is private also, if an individual sustain a special injury thereby, and he may maintain an action and recover his special damage."  *Cardington* v. *Fredericktown,* 46 Ohio St., 442.

Section 3714, General Code, provides that "municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law.  The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

"Any act or obstruction which unnecessarily incommodes or impedes the lawful use of a highway by the public is a nuisance."  *State* v. *Carpenter,* 68 Wis., 165.

"Thus it is a nuisance at common law to dig a ditch on a highway."  *Commonwealth* v. *McNaugher,* 131 Pa. St., 55.

"A city creating such an obstruction in its streets is as guilty of creating a nuisance as an individual would be."  *Hughes* v. *Fond du Lac,* 73 Wis., 380.

"A municipal corporation is liable in damages to private persons who have been specially injured through its failure to prevent or abate nuisances, consisting of defects in its public highways, etc., dangerous to public travel, from which injury results to travelers without their negligence or fault."  *2 Thompson, Negligence,* Section 5859.

In Bates' Plead. & Prac., p. 2322, Chapter on Nuisances, forms of actions for damages are provided for the pleader on the following subjects:

1. Unguarded excavations next to sidewalks.
2. Cellar hole in sidewalk open or defectively covered.
3. Building material or trench in street, etc.

It is the opinion of the court that this action is an action for a nuisance.

Are all the actions mentioned in Section 11626, General Code, quoted above, excluded from the jurisdiction of justices of the peace?

This section of the statute was long ago construed by the Supreme Court of Ohio, in *Nichol* v. *Patterson,* 4 Ohio, 200, in which the court say:

"The same class of cases has long been excluded from the jurisdiction of justices of the peace.

"Upon a fair comparison of these acts and a correct construction of their provisions, no doubt can be entertained, that the Legislature considered the action on the case for nuisance not within the jurisdiction of justices of the peace."

Supporting the same proposition is *Harrington* v. *Heath,* 15 Ohio, 486.

So it is the opinion of the court that a justice of the peace did not have jurisdiction of this action, and the plaintiff having recovered more than $5, he is entitled to recover his costs.

Motion to re-tax overruled and exceptions.