Henry, et al. vs. State, to use of Russell, &c.

HENRY, ET AL. VS. STATE, TO USE OF RUSSELL, &c.

9  769
f77a 282

1. Where an administrator had made final settlement, and the county court has made an order to distribute the money in his hands, no demand need be made by the distributees to make the adm'r liable to an action.

2. Where one of the distributees was a minor, but had a guardian, it was the duty of the adm'r to pay the money to the guardian.

3. The adm'r is liable for interest upon the money so improperly held by him.

4. An administrator's bond is valid against him, although not approved by the county court.

## ERROR to Polk Circuit Court.

HENDRICKS, for Plaintiff.

To reverse the judgment of the circuit court in this case, the plaintiffs here rely on the following points.

1. There is a material variance between the bond read in evidence, and the bond as described in the declaration. 1st, as to the date of it; 2d, as to the recital that Henry had been appointed administrator; and 3d, it was described in the declaration, as one approved by the county court, and there was no such approval, except the certificate of one of the judges, which was no evidence of that fact.

2. The 4th plea alleges that at the time the administrator made his final settlement, and at the time the said sum of forty-nine dollars was ascertained to be J. C. Russell's distributive share of said estate, and ordered to be paid to him, he said Russell was, and still is an infant, under the age of twenty-one years, and not in a situation to receive the same, and give a discharge therefor, and for that reason said Henry retained it, and did not pay it over to him. The replication averred that on the 9th day of February, 1844, John Jump was appointed his guardian, &c. To this replication there was a demurrer, and it was overruled. We think the plea was a sufficient bar to the action under our statute. See Rev. Code, p. 61, sec. 14. The replication was insufficient, because it did not aver that the administrator had notice of the appointment of Jump as guardian, nor does it aver that Jump made a demand of the money due said James C. Russell, before the suit was brought, nor at any time. It is confidently believed that the administrator cannot be made liable to be sued and mulcted in costs to the amount of said J. C. Russell's distributive

49

share of said estate, until it is demanded of him by the guardian, or at least until it is shown that he knew of the appointment of said Jump as guardian. Neither of which facts being alledged in said replication, it is bad, and the circuit court should have sustained the demurrer to it.

3. No demand of the said distributive shares of said estate is averred either in the declaration or replication, and none being proved previous to the commencement of the suit the court ought not to have found against the defendants below.

4. The declaration is insufficient—because it does not allege a demand before suit is brought, and because the breach assigned is not paying to J. C. Russell. The breach is insufficiently set out, as it does not negative the payment of the money to the guardian, as well as ward.

5. The court gave judgment, and assessed damages for sixty-six dollars and forty-four cents, whereas the amount of said J. C. Russell's distributive share of said estate was forty-nine dollars. The circuit court allowed interest on said amount from the time of the final settlement of the administrator in the year 1839, to the time of the trial. We think there is certainly error in allowing interest against the administrator, for money which he had in his hands as administrator, ready to be paid whenever J. C. Russell became to be in a situation to receive and give discharge for it, either in person, or by guardian—no order being made by the county court for him to retain and pay interest—at least he ought not to be chargeable with interest until he be called on for the money. To charge him with interest from the time he made his settlement in 1839, to the time Jump was appointed guardian, is to make him pay interest on the money which is in his hands, liable to be called for at any time, and which he had no means of paying over to any person, the county court never having ordered the administrator to pay the guardian at any time.

For all these reasons we expect the judgment of the circuit court to be reversed.

PHELPS, for Defendants.

The court did not err in overruling the motion in arrest. Defendants had demurred to plaintiff's replication—a judgment had been rendered on the demurrer. After judgment on demurrer, a motion in arrest cannot be made. Graham's Pr. 519; 2 Tidd 948; 1 Str. 425; 6 Tann. 650.

The judgment on the demurrer to the replication was for the right party, as the plea was faulty. It did not contain any averment that

the county court had ordered Henry to lend the money of the distributee. Stat. 61, s. 14.

The court did not err in receiving in evidence the bond. The plea of *non est factum*, did not require the plaintiff to prove that the bond had been approved by the county court. The bond was valid. 6 Mo. R. 81.

The declaration contained all the necessary averments for the plaintiff to maintain the action. 4 Mo. R. 426.

The orders of the county court, making distribution, and directing the administrator to pay to the heirs their respective shares, amounted to a judgment. The court did not err in allowing plaintiff interest, at the rate of six per cent. per annum. 7 Mo. R. 469.

NAPTON, J., delivered the opinion of the court.

This was an action of debt brought in the name of the State, for the benefit of James C. Russell, by his guardian John Jump, against the admininistrator of the estate of Henry A. H. Russell, deceased and his securities.

The breach assigned is, that three years had elapsed since the date of letters of administration, and that upon final settlement with the county court of Polk county, there remained in the hands of the administrator for distribution the sum of $441 05, which the county court ordered to be paid to the distriubutees, and that the administrator had failed and refused to pay over to the plaintiff his distributive share.

The declaration is in the usual form, setting forth the bond of William Henry and his securities, and contains the necessary averments in relation to the date of its execution, and approval by the county court.

The defendants pleaded *non est factum*, and, further, that at the time the settlement of said Henry was made with the county court, and ever since, the said plaintiff was not in a condition to receive his share, as adjudged to him by the county court, and give a discharge therefor, he being a minor under the age of twenty-one years, &c. Replication, that on the 9th Feb'y, 1844, the said John Jump was appointed by the county court of Polk county, guardian of the said plaintiff, Russell, and from thence hitherto, and at the time of bringing suit was and still is guardian, and authorized to give a proper discharge, &c.

To this replication there was a demurrer, and the judgment on the demurrer was for the plaintiff.

On the trial, upon the issue of *non est factum*, the plaintiff read the bond of defendants, which was objected to for variance, and the endorsement thereon, which was as follows :

"State of Missouri, county of Polk—The within bond was this day produced in open court, and was by them approved, this 8th May, 1836.

WINFREY OWENS, J. C. C."

The plaintiff also read from the records of the county court, showing the orders of the county court on final settlement of said estate, to which no objections were made. It was also shown that said Henry's administrator was one of the judges of said court, at the time of said settlement.

The court gave judgment for the amount of the distributive share of plaintiff, and allowed interest from the date of the final settlement, at the rate of six per cent. per annum. A motion for a new trial was made and overruled, and a motion in arrest of judgment; exceptions were taken to the several opinions of the court, and the case is brought here by writ of error.

The alleged variance between the bond offered in evidence, and the bond as described in the declaration, relates to the dates of its execution and approval, and its recitals; but upon an inspection of the record, we have been unable to discover any material variance.

As to the insufficiency of the evidence of approval, it is a matter of which the defendants can claim no advantage. The bond is not the less valid, though it may not have been approved at all.

The demurrer to the replication was properly decided for the plaintiff. The plea was no answer to the action; for if the distributee, though under age, had a guardian, it was the duty of the administrator to pay over the share of such distributee to the guardian. The replication, therefore, if the plea even be considered sufficient, was a complete answer to the plea. No demand was necessary. The order of the county court constituted sufficient notice to the administrator of his duty.

Nor do we think the allowance of six per cent. interest upon the sum due the distributee upon final settlement, at all unreasonable. If the executor or administrator does not desire to retain the money of the estate which he has administered, and of which administration he has made a final settlement, in cases where the distributees are not competent to give discharges, he may, under the directions of the county court, lend out the money upon good security. When he retains the money, it is presumable that he derives from it that benefit which the law supposes the money to be worth, and he is properly chargeable with the interest.

Judgment affirmed.