STATE OF MISSOURI vs. THOMAS BOWLING ET AL.

1. A person whose name is endorsed on an indictment, as prosecutor, cannot be ruled to give security for costs.

State of Missouri vs. Bowling et al.

## APPEAL from Ralls Circuit Court.

LAMB, for the State.

I. The indictment was good upon its face, and as to all the necessary endorsement, and therefore it was error to quash or set aside the indictment for reasons foreign to the record, and which had to be substantiated by testimony.

II. The statute which requires the name of a prosecutor to be endorsed upon the indictment has been complied with in this case: See Rev. Code, p. 866, sec. 22; and it would be contrary to the policy of the law to discharge a culprit who had committed a gross outrage upon private rights, and the peace and well being of the community, simply because an injured party is unfortunately insolvent, and might under certain contingencies be adjudged to pay the costs of the prosecution.

III. In no event could these defendants be made liable for any costs that might be incurred, the State or prosecution being responsible, (and as will be presumed, amply able) to pay all costs should the defendant be acquitted, and it is therefore submitted that the solvency or insolvency of the prosecution is a matter wholly immaterial to the interests of these defendants.

IV. It was the duty of the grand jury, before they could prefer this indictment, to either have the name of a prosecutor endorsed thereon, or, to state the facts that the same had been prepared on information of two or more of their own body, or of some public officer, and they having selected the first of these requisites it was not in the power of the court to go behind the record and do away an act which was in strict conformity to law.

It would seem, that inasmuch as the State or prosecutor would be liable for costs (in the event of the acquittal) and that the public officers, acting for the State, accepted of Chapman as a competent prosecutor, that the defendants would have no ground nor right to complain, that being a question solely between the State on the one side and the prosecutor on the other.

GLOVER & CAMPBELL, for respondents.

The endorsement of a prosecutor's name on the indictment, is not a mere idle formality without sense or motion, but has a rational purpose in view—the payment of costs, and so the circuit court held, and very properly.

RYLAND, J., delivered the opinion of the court.

At the March term, 1849, of the Ralls circuit court, the defendants were indicted for a riot.

They made their appearance at the August term following, and by their attorney, moved the court to require the prosecutor, whose name is endorsed on the indictment, to give security for costs.

Their motion is as follows:

"State of Missouri vs. Thomas Bowling and others, indictment for riot; August term, 1849:

"And the said defendants come and aver, that Lewis M. Chapman,

endorsed as prosecutor on said indictment, is wholly insolvent and unable to pay costs—that he is unsettled in his residence, &c.

Whereupon the said defendants move this court to require the said prosecutor to give security for costs or dismiss said indictment."

This motion the court sustained, being satisfied that Chapman was unable to pay the costs, if the same should be adjudged against him; and that he was so unable at the time the indictment was found. The court required a responsible prosecutor to be endorsed on the indictment, which the prosecutor failed to do; the court thereupon dismissed the prosecution, discharged the defendants, and adjudged the costs against the county of Ralls. To all these acts and opinions the State excepted and brings the case here by appeal.

The 22d section of the 3d article of the act regulating "Practice and Proceedings in Criminal Cases," Rev. Code, 1845, page 866, declares, that "No indictment for any trespass against the person or property of another not amounting to felony, or for the first offence of petit larceny, shall be preferred unless the name of the prosecutor is endorsed as such thereon, except where the same is preferred upon the information or knowledge of two or more of the grand jury, or on the information of some public officer in the necessary discharge of his duty, in which case a statement of the fact shall be made at the end of the indictment, and signed by the foreman of the grand jury.

"Sec. 23. The name of the prosecutor shall be endorsed as such, by himself, or where the name has been certified as prosecutor, with the examination as provided by law, the endorsement may be made by the prosecuting attorney; but no indictment shall be quashed for the want of such endorsement, if the same shall be made before the motion to quash is disposed of."

The 10th section of article 2, of the act regulating courts, is as follows: "If upon the trial of an indictment, whereon the name of a prosecutor is endorsed as such, according to law, the jury shall acquit the defendant, they shall determine and return together, with their verdict, whether the prosecutor or the county shall pay the costs, and the court shall render judgment accordingly." See Revised Code, 1845, page 249, sec. 10.

These sections contain all the provisions known to our statutes upon the subject of our present investigation.

Do these warrant the action of the court below in requiring the prosecution to give security for costs? What is the object of these provisions.

It seems to us, one object was to prevent unnecessary or unfounded

State of Missouri vs. Bowling et al.

prosecutions for the trespasses of persons or to the property of persons, by requiring a prosecutor to be endorsed, so that the petit jury might make him pay the costs if there was no cause originally for the prosecution. If this were not the object why would the fact of the indictment being found after the information of two of the grand jury or of a public officer in the discharge of his duty, do away with the necessity of endorsing a prosecutor's name on the indictment? The names of two grand jurors or of a public officer, give at once the impression to the court, that the indictment was founded on some real injury—some actual violation of the law—and therefore, no prosecutor was required.

Again, the petit jury must determine when the prosecutor shall pay the cost and when not—but the prosecutor is never liable to pay costs until the defendant be found not guilty.

It is obvious, therefore, that the solvency or insolvency of the prosecutor is a matter that can not in the least interest the defendant. He should not therefore be permitted to say any thing about it, nor to make any motion about it.

The State is the party interested, the offended majesty of the law demands the punishment for its violation, and unless that law points out and authorizes such a motion as the one made in this case, the courts should never permit or countenance such a proceeding.

The person and the rights of a person are regarded by our law alike whether such person be a poor and insolvent man or a rich one.

The rights of the poor in regard to property may be few, for they have little, but however few they be they are as sacred and demand as much attention of the law officers of our government, when brought properly before them, as the rights of the owner of millions.

Establish the doctrine laid down by the court below, and no poor man can take steps to enforce the criminal law in regard to injuries to his person or his property, unless he can get some public officer, or two grand jurors should happen to know of the offence, or unless he can get some responsible person to step forward and prosecute in the name of the State, for a violation of her laws towards one of her poor citizens. The bare mentioning such a result ought to be sufficient to satisfy us that the legislature never designed such a thing. The great object was not to save costs but to punish for violations of the law. In this very case the grand jury indict the defendants for a riot, in unlawfully, violently and notoriously, with force and violence breaking open and tearing down the dwelling house of the prosecutor. The indictment is formal and correct, it has the name of a prosecutor endorsed—no grounds appear upon its face, to support a motion to quash—yet the de-

State of Missouri vs. Bowling et al.

fendants come and move the court to require the prosecutor to give security for costs of this prosecution and in default thereof to dismiss the same—alleging as the reason for their motion, "that the prosecutor is unsettled in his residence." The very crime with which they stand charged has rendered his residence unsettled; they are charged with "tearing down his dwelling house." Does the law require the name of a responsible man, in a pecuniary point of view, to be endorsed? No such terms are used, but the name of a prosecutor must be endorsed. Who is most likely to endorse such indictment? The person against whom the offence has been committed. And as such person may or may not be able to pay the costs of a prosecution, the legislature wisely omitted to qualify such prosecutor, by saying he should be "responsible."

Again this question if the indictment be formal and have the required name of the prosecutor endorsed, is not one that can arise between the State and the indicters; the indicters have nothing to do with the solvency or insolvency of the prosecutor.

Here because the prosecutor is insolvent, the court discharges the indicters and makes the county pay costs, when if the cause had proceeded to trial, it might have turned out, that the defendants were guilty and the question of solvency of prosecutor had never been raised, or the jury might have found the defendants not guilty and at the same time returned with their verdict that the county should pay the costs, and the question of solvency of prosecutor still not arise.

I am satisfied, that the court below erred in taking cognizance of the defendants motion, and in trying a matter that might never have arisen in the case, if it had proceeded to final judgment.

The court below considered a prosecutor unable to pay the costs, as no prosecutor in law. In this we differ with the court below. This question of solvency we hold the court below had no right to entertain. The statute does not give any such right. It is not like a civil suit, in which such a proceeding is expressly authorized.

I am satisfied that the interests of the community, the rights of individuals will be better guarded and protected under our view of this question than under the rule of the court below, and therefore I am for reversing the judgment of the circuit court and remanding the cause for further proceedings not inconsistent with this opinion.

I do not concur in the above opinion.

W. B. NAPTON.