State v. Berry.

————◦◦◦————

THE STATE, Respondent, v. BERRY, *et al.*, Appellants.

1. The provision contained in section 11 of article 2 of the act concerning costs, (R. C. 1855, p. 451,) that if the jury fail to declare, in the case of the acquittal of a person indicted, by whom the costs shall be paid—the prosecutor or the county—the court shall render judgment against the prosecutor for costs, is not applicable to cases in which persons had become prosecutors under the revised code of 1845. Where the indictment, with the prosecutor's name endorsed, was pending previous to the taking effect of the revised code of 1855, the tenth section of article 2 of the act concerning costs in the revised code of 1845 (R. C. 1845, p. 249) is applicable.

*Appeal from Lawrence Circuit Court.*

*Hendrick,* for appellants.

The statute regulating costs in this case provides that if the defendants are acquitted the jury shall determine and return with their verdict whether the prosecutor or the county shall pay the costs, and requires the court to render judgment accordingly. (See R. C. 1845, p. 249, section 10.)

This provision does not make the prosecutor responsible for costs, in the event of acquittal, absolutely, but only conditionally. In this case the jury failed to determine whether the prosecutor or county should pay the costs. The statute which requires the name of a prosecutor (see R. C. 1845, p. 866, sec. 22) to be endorsed can not be construed to make the prosecutor liable to pay costs absolutely, but only liable to pay it if the jury, after hearing the evidence, shall so determine. If there was probable cause for the prosecution, the prosecutor ought not to pay costs. If there was no probable cause for the prosecution, he ought to pay costs. It was for that reason the statute gave to the jury discretion to determine whether the prosecutor should pay costs or the county. If the jury fail to determine at all, there is no law authorizing the court to render judgment against the prosecutor, whose liability as prosecutor is only conditional.

*Ewing,* (attorney general,) for the State.

SCOTT, Judge, delivered the opinion of the court.

Berry could not be made subject to a law passed subsequently to his undertaking as a prosecutor, which changed that undertaking to his prejudice. At the time the defendant became the prosecutor, the statute provided (R. C. 1845, p. 249, sec. 10,) that, " if upon the trial of an indictment, whereon the name of a prosecutor is endorsed as such, according to law, the jury shall acquit the defendant, they shall determine and return, together with their verdict, whether the prosecutor or the county shall pay the costs, and the court shall render judgment accordingly." Afterwards, and before the last trial of the indictment, the foregoing provision was so amended as to provide that if the jury fail to declare by whom the costs shall be paid, the court shall render judgment against the prosecutor for the costs. (R. C. 1855, p. 451, sec. 11.)

It is obvious that the undertaking of the defendant must be controlled by the statute in force when a liability to it was

incurred. By that statute, in the event of the contingency which has happened, the prosecutor was not liable for the costs. As he was only liable when the jury who tried the indictment determined that he should pay them, and as the jury failed to declare in their verdict whether he should pay or not, it is obvious that no judgment could be rendered against him for the costs. It was not competent for the legislature to make him liable on the happening of an event not contemplated in his undertaking. The court therefore erred in making the act of 1855 applicable to cases in which persons had become prosecutors under the act of 1845.

Judge Ryland concurring, the judgment will be reversed; Judge Leonard absent.