THE STATE OF IOWA v. DONNELL.

1. TAXING COSTS TO PROSECUTING WITTNESS.   The District Court have authority under chapter 24 laws of 1853, upon the ignoring of an indictment by the grand jury, to tax the costs then accrued to the prosecuting witness, when it is shown to the satisfaction of such court that the prosecution was instituted without probable cause.

2. PRACTICE.   The Supreme Court will review an order of the District Court taxing costs to a prosecuting witness only when the evidence upon which the court acted is properly made of record.

*Appeal from Lee District Court.*

THURSDAY APRIL 11.

*Thos. S. Espy*, for the appellant.

*C. C. Nourse*, Attorney General, for the State.

LOWE, C. J.—A charge of passing counterfeit money was preferred against the defendant, Donnell, and was ignored by the grand jury, and the defendant discharged.   The court being satisfied from the circumstances in the case that the prosecution was set on foot by one D. Silversmith and Louis Toppe, without probable cause, directed that the costs of the prosecution, assessed at $69,50, should be taxed up and recovered against the said Silversmith and Toppe.   After a motion to set aside this order was overruled, the question of its validity is referred to us by appeal.

The authority for the exercise of such a discretionary power is found in the Session laws of 1853, p. 45.   The objection made by counsel relates principally to the manner

of its exercise; that the court exercised it without evidence and without giving the parties an opportunity to be heard &c. With regard to the latter objection, if the order in the first instance was made in the absence of the parties, it nevertheless appears from the records that the court afterwards entertained a motion to set aside such order, in the determination of which we are to presume the parties were fully heard. The motion upon hearing was overruled.

As to the insufficiency of the evidence or circumstances authorizing such a taxation of the costs against the prosecutors, the parties aggrieved should have had the same made of record and certified up to this court, if upon such a question they desired the opinion of this court.

Affirmed.