*In the matter of the Petition of* JOHN EBENHACK, *for a Writ of Habeas Corpus.*

PROSECUTING WITNESS IN CRIMINAL CASES; *Liability for Costs, and to Imprisonment; Constitutional Law.* The legislature has power to provide that, when upon the trial of a misdemeanor the jury shall find the defendant not guilty, and shall also find that the prosecution was instituted from malice or without probable cause, the justice may adjudge the costs against the prosecuting witness, and, if he fail to pay or give security for their payment, may commit him to the county jail until they are paid. Such an imprisonment would be upon due process of law, and after the imprisoned party had had his day in court, and would not conflict with section 16 of the bill of rights, which prohibits imprisonment for debt except in cases of fraud. It follows, that § 18 of chapter 83 of the general statutes, is constitutional and valid.

*Error from Greenwood District Court.*

EBENHACK petitioned for a writ of *habeas corpus.* His petition, (substituting the word "petitioner," for "plaintiff," with other necessary clerical corrections,) is as follows:

*To the Hon. E. B. Peyton, Judge of the Fifth Judicial District, State of Kansas:*

The petitioner respectfully represents to your honor, that he is now held in custody and restrained of his liberty by one J. L. Baker, sheriff of Greenwood county, state of Kansas, in the city of Eureka in the said county and state; that the cause and pretense of such restraint by said Baker is, that on the 12th of June 1875, your petitioner filed with one F. H. Clark an affidavit, subscribed and sworn to by petitioner, (the said Clark being at that time a justice of the peace in and for said Greenwood county,) charging John Homschidt, Herman Homschidt, and Perry Tuttle, with having willfully disturbed the peace and quiet of the petitioner and his family, on or about the 10th day of June 1875, and at divers and sundry times prior to and subsequent to said date, in said county of Greenwood, in violation of section 253 of chapter 31 of General Statutes of 1868, act defining crimes and punishments; that on the 2d and 3d days of August 1875, the said Herman Homschidt was tried on said charge by a jury of twelve men, before Ira P. Nye, a justice of the peace in and for said Greenwood county, (to whose court said action or proceeding had been duly changed and transferred;) that the said jury found the said Herman Homschidt "not guilty," and further found that the prosecution of the said Herman Homschidt was instituted without probable cause; that the said justice of the peace adjudged that the complainant (your petitioner, John Ebenhack,) pay the costs of said prosecution, taxed at $135.55, and be committed to the county jail until said costs be paid; that your petitioner was by the said justice of the peace committed to the common jail of said Greenwood county, and to the custody of the said J. L. Baker, sheriff as aforesaid, until said costs were paid; and said Baker now restrains your petitioner under said commitment as aforesaid. Your petitioner further says, that said imprisonment is wholly illegal and unjustifiable in this: *First,* The law under which said plaintiff was adjudged to pay said costs, and is held in custody, is unconstitutional and void. *Second,* The commitment under which he is held in

custody, is not such an one as complies with the law, and si not a legal commitment.                JOHN EBENHACK.

Said petition was duly sworn to by the petitioner, and the district judge allowed the writ, as prayed for. The sheriff made due return, stating that he held said *Ebenhack* in his custody, and restrained of his liberty, by virtue of a commitment, etc., a copy of which he annexed to and made a part of his return. This commitment is the one mentioned in the petition. It recites the proceedings before the justice, the judgment against *Ebenhack* for the costs, etc., and says:

"And whereas, the said *John Ebenhack* has failed to pay said costs, or any part thereof, or enter into the bond therefor, as provided by law, now therefore," etc.

The commitment is dated August 6th 1875, and is signed by Ira P. Nye, justice of the peace. Upon the hearing before the district judge, the following order was made:

"On this 10th of August 1875, this cause coming on to be heard by said judge at chambers, and said petitioner and said respondent appearing and being present, and the court having heard the same on the petition of said Ebenhack, and return thereto of said sheriff, it is by me, said judge, ordered and adjudged that said petitioner is illegally in custody, and that he be discharged, and that Greenwood county pay the costs hereof."

From this order an appeal was duly taken by and in the name of the sheriff, and the record is now brought to this court by petition in error for review.

*Gillett & Forde,* for the sheriff, contended, that said commitment was legal and valid, and that Ebenback was lawfully imprisoned, and that the district judge erred in ordering the discharge of the petitioner.

*T. L. Davis,* for Ebenhack, contended, that the act under which the commitment was issued was unconstitutional and void.

The opinion of the court was delivered by

BREWER, J.: The single question in this case is, as to the constitutionality of section 18, page 881, of the General Stat-

utes.  That provides in effect, that when upon a trial before a justice of the peace for misdemeanor it shall be found that the prosecution was instituted maliciously, or without probable cause, the prosecuting witness shall be adjudged to pay the costs, and unless a bond is given therefor shall be committed to the county jail until they are paid.  It is objected that such an imprisonment would not be upon "due process of law," and that it could not be said that the prosecuting witness had had his "day in court."  We do not consider the objections well taken.  By coming into court and filing his complaint, he submits himself to the jurisdiction of the justice, and at the same time that the question of the guilt of the person, by his affidavit charged with crime, is tried, his own conduct in the premises is inquired into.  True, he is not upon the record as a party plaintiff, or defendant; but the prosecution is instituted at his instance, and he appears upon the record as the complaining party.  Many civil proceedings were formerly in the name of the state upon the relation of some one.  The party plaintiff was the state, but the relator was none the less within the jurisdiction of the court, and might be reached and concluded by its order.  In analogy to those proceedings the legislature has said in substance, that he who files a complaint for misdemeanor shall bring both himself and the defendant into court.  It is true also, that no formal accusation is presented against the complainant upon which he is tried and found guilty, and that the first written statement of his wrong is in the finding and order; but the same is equally true in many cases in commitments for contempt.  There, often the first writing is the order of the court committing the offender for the contempt.  The proceeding is summary; but it is clear, that it is due process of law, and that the offender has had his day in court.  Indeed, it may well be considered that he who maliciously, or without probable cause, invokes the process of a court to oppress and wrong an innocent party, by placing him under arrest and upon trial for violation of law, is guilty of a contempt of court.  He has by his own wrong sought to prosti-

tute the powers of the court to the injury of another; and that is conduct which merits, as it receives, the censure of all courts, and the condemnation of all persons.

Again, it is said that this is in conflict with section 16 of our bill of rights. "No person shall be imprisoned for debt except in cases of fraud." But these costs are cast upon him as a penalty — they do not constitute strictly and simply a debt, in the technical sense of the word, any more than the fine imposed upon a party convicted of assault and battery, is a debt. The legislature has in effect declared that an unwarranted appeal, in this class of cases, to the criminal law, is itself a violation of law, and subjects the offender to punishment; and the penalty imposed is the costs of the unwarranted proceedings. *Shields v. Comm'rs of Shawnee County,* 5 Kas. 590; *State v. Donnell,* 11 Iowa, 452; *State v. Darr,* 63 N. C. 516.

The order of the district judge will be reversed, and the case remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.