State vs. Rusch.

STATE vs. RUSCH.

*Appeal from J. P.  Taxing costs of criminal prosecution against complaining witness.*

1. Under R. S. 1858, ch. 120, secs. 204 et seq., no *appeal* lies from the judgment of a J. P. rendered (under sec. 16, ch. 176, R. S. 1858, as amended by sec. 2, ch. 143, Laws of 1868; Tay. Stats., 1919, § 16) against the complaining witness for the costs of a criminal prosecution.
2. Whether the act authorizing such a judgment is valid, and whether a mere recital in such a judgment in this form: "the court *believing* the complaint to be willful," etc., is equivalent to the positive certificate required by the statute to be entered in the docket, *quære*.

APPEAL from the Circuit Court for *Marathon* County.

The appellant made complaint before a magistrate, charging that one Carl Dahm had feloniously set fire to and burned in the night time a certain church building. The accused was arrested, and an examination was had, which resulted in the following decision and judgment entered by the justice in his docket: "The court, after consideration of the case and reviewing the testimony, is satisfied that an offense has been committed; but with the testimony presented this court does not feel justified in holding the defendant Carl Dahm for his appearance to the circuit court. It is therefore ordered and adjudged that the defendant be discharged, and that the complaining witness, *Carl Rusch,* pay the costs of this examination; the court believing the complaint to be willful and malicious, and without probable cause. Judgment is therefore entered against *Carl Rusch* for the costs of this examination, taxed at sixty-two and 6-100 dollars."

From this judgment the appellant appealed to the circuit court. Such appeal was taken in the manner prescribed by section 205, ch. 120, R. S. 1858. The circuit court, on motion, made an order dismissing the appeal; and from such order *Carl Rusch* appealed to this court.

The cause was submitted on the briefs of *Silverthorn &*

*Hurley* for the appellant, and *J. A. Kellogg* for the respond-
ent.

LYON, J. The judgment of the justice against the appel-
lant was rendered under section 16, ch. 176, R. S. 1858, as
amended by section 2, ch. 143, Laws of 1868 (Tay. Stats., 1919,
§ 16). Whether a statute can be upheld which attempts to
confer power upon a magistrate to render judgment for the
costs of a criminal prosecution against a person not a party to
the prosecution, and who has no control over it and no op-
portunity to show cause why judgment should not go against
him, is a question not raised by this appeal. Neither is the
question, whether the mere recital in the judgment of the
*belief* of the court — "the court believing the complaint to
be willful and malicious, and without probable cause"— is
equivalent to the positive certificate that "the complaint was
willful and malicious, and without probable cause," which the
statute requires to be entered in the docket, and without
which the judgment would be a nullity. Should the proceed-
ings be removed into the circuit court by *certiorari*, these
questions will or may arise. The question to be here deter-
mined is, whether an appeal lies from such a judgment.

If the appeal from the judgment of the justice can be up-
held, it must be by virtue of section 204, ch. 120, R. S. 1858,
and the sections following. Considering all of the statutory
provisions on the subject, we are satisfied that the appeal there
given is confined to judgments in ordinary actions between
parties, commenced by service of process or its equivalent;
and does not extend to judgments in special and summary
proceedings like this. If the appeal from the judgment of
the justice is valid, then, pursuant to section 217 (Tay. Stats.,
1398, § 235), the appellant is entitled to a new trial in the cir-
cuit court; for the judgment appealed from exceeds fifteen
dollars. This would necessarily entitle him to introduce any
testimony he could obtain, whether used on the examination

of Dahm or not, which would tend to show that the complaint against Dahm was not maliciously made, or that probable cause existed for making it. We should then have in the circuit court a civil action by the state against the appellant for the malicious prosecution of Dahm, not prosecuted for the benefit of Dahm, but to recover damages as an indemnity to the county for the costs of that prosecution, which the county is liable to pay. We think such an action and such a trial was not and could not have been contemplated when the above statute of appeals was enacted. The better opinion is, doubtless, that in a proper case the legislature intended to vest the magistrate with discretionary power to impose the costs of prosecution upon the complainant, and to make the determination of the magistrate final unless he exceeded his jurisdiction in the premises.

The new revised statutes will contain a provision giving an appeal in such cases, and prescribing the procedure thereon in the circuit court (section 4791). This provision tends to show that the legislature, or, more correctly speaking, the revisers of the statutes, thought that the existing statute gives no right of appeal. We are of the same opinion.

*By the Court.*— Order affirmed.

Ryan, C. J., took no part.