THE STATE ex rel. McCASLIN, Plaintiff in error, vs. SMITH, Defendant in error.

*December 9, 1885 — January 12, 1886.*

*(1)* Habeas corpus: *Review by supreme court: Writ of error.* *(2)* Constitutional law: *Malicious complaint: Judgment for costs: " Due process of law."*

1. The order of a circuit court affirming the order of a court commissioner discharging a prisoner on *habeas corpus*, is in the nature of a final judgment and may be reviewed by this court on writ of error.

2. Sec. 4791, R. S., authorizing a magistrate, on determining that a criminal complaint was wilful and malicious and without probable cause, to enter judgment against the complainant for all the costs, etc., and giving an appeal from such judgment, is not unconstitutional. By making such complaint the complainant submits himself to the jurisdiction of the court.

| | |
|---|---|
| 65 | 93 |
| 92 | 424 |
| J92 | 428 |

| | |
|---|---|
| 65 | 93 |
| 110 | [1]224 |

| | |
|---|---|
| 65 | 93 |
| 61 LRA | 489n |
| 61 LRA | 492n |
| 61 LRA | 493 |
| 61 LRA | 493n |

| | |
|---|---|
| 65 | 93 |
| 117 | [1]671 |

ERROR to the Circuit Court for *Eau Claire* County.

The facts are sufficiently stated in the opinion.

For the plaintiff in error, there was a brief by the *Attorney General*, and oral argument by *H. W. Chynoweth*, Assistant Attorney General: 1. The writ of error was properly allowed, should be entertained, and the order affirming the discharge can be reversed and the defendant in error remanded to the custody of the sheriff. *Ableman v. Booth* and *U. S. v. Booth*, 21 How. 506; *Ex parte Lafonta*, 2 Rob. (La.), 495; *Holmes v. Jenneson*, 14 Pet. 540; *Yates v. People*, 6 Johns. 338–352. The writ of error is the only remedy. An appeal would not lie. *In re Fenelon*, 37 Wis. 231. *Cer-*

*tiorari* would be ineffectual because only jurisdictional defects could be reviewed. *Frederick v. Clark*, 5 Wis. 191. This is a special proceeding, and special proceedings are reviewable on writ of error. *State v. Mushied*, 12 Wis. 561; *State v. Jager*, 19 id. 235. It is *quasi* criminal, and *quasi* criminal actions are reviewable on writ of error. *Milwaukee v. Gross*, 21 Wis. 243; *Boscobel v. Bugbee*, 41 id. 59; *Platteville v. McKernan*, 54 id. 487. 2. Sec. 4791, R. S., is a valid enactment. Similar statutes have been upheld in *In re Ebenhack*, 17 Kan. 618; *State v. Roney*, 37 Iowa, 30; *State v. Tait*, 22 id. 140; *State v. Van Horton*, 26 id. 402. For similar statutes, see Georgia Code, 1882, sec. 300, p. 80; California Penal Code, sec. 1447; Dakota Code, Vol. 2, p. 1295, sec. 147*a*; Colorado Statutes, 1883, secs. 418, 421; Georgia Code, sec. 4630; Kansas Statutes, 1885, p. 679, sec. 4401; Ohio R. S. sec. 5345; Massachusetts, 1882, ch. 211, sec. 6; Maine, 1883, p. 939, sec. 13; Nebraska Criminal Code, sec. 270. The following authorities concede the validity of the above statutes: *Burns v. State*, 5 Ala. 227; *Tuck v. State*, 8 id. 664; *State v. Branum*, 23 Ark. 540; *Jacobs v. State*, 20 Ga. 839; *Margrave v. U. S.* 1 Morris (Iowa), 457; *State v. Donnell*, 11 Iowa, 452; *Ex parte Cain*, 9 Mo. 760; *State v. Berry*, 25 id. 355; *State v. Bawling*, 14 id. 508; *State v. Cockerham*, 1 Ired. Law, 381; *State v. Darr*, 63 N. C. 516; *Guffy v. Comm.* 2 Grant's Cas. 66; *Hansard v. State*, 5 Humph. 115; *State v. Green*, 2 Head, 356; *Comm. v. St. Clair*, 1 Gratt. 556; *State v. Horton*, 89 N. C. 581; *State v. Baldwin*, 79 Mo. 243; *Taylor v. State*, 39 Ark. 291; *State v. Owens*, 87 N. C. 565; *State v. Spencer*, 81 id. 519; *State v. Adams*, 85 id. 560; *State v. Hughes*, 83 id. 665; *Errickson v. State*, 10 Neb. 585; *State v. Wormick*, 1 Lea (Tenn.), 559; *State v. Reisner*, 20 Kan. 548; *Shields v. Comm'rs*, 5 Kan. 590.

*T. F. Frawley*, for the defendant in error, contended that sec. 4791, R. S., was unconstitutional: (1) Sec. 2, art. VII,

Const., vests the judicial power in a supreme court, circuit courts, courts of probate, and justices of the peace, but this statute attempts to confer judicial power upon court commissioners and judges of courts of record in vacation. *Att'y Gen. v. McDonald*, 3 Wis. 805; *Conroe v. Bull*, 7 ·id. 408; *Callanan v. Judd*, 23 id. 343; *Gough v. Dorsey*, 27 id. 119; *Van Slyke v. Trempealeau Co. F. M. Ins. Co.* 39 id. 390; *Milwaukee Ind. School v. Supervisors*, 40 id. 328; *State ex rel. Moreland v. Whitford*, 54 id. 153. The power is conferred therein upon a justice of the peace, not in a judicial capacity, but as examining magistrate, in which capacity he always acted, but never at common law had power to enter judgment; and if the statute conferred power to enter judgment upon justices of the peace alone it would be partial and unequal legislation, discriminating between the rights of different suitors in courts of justice. Sec. 9, art. I, Const.; *Bull v. Conroe*, 13 Wis. 260; *Durkee v. Janesville*, 28 id. 464; *Hincks v. Milwaukee*, 46 id. 559; *Culbertson v. Coleman*, 47 id. 193. (2) This statute contravenes the fifth amendment to the U. S. constitution, and secs. 5, 9, art. I, Const. of Wis., and art. II, Ordinance of 1787. Under it a citizen may be deprived of his property and his liberty without a trial by jury, without being a party to the action, without being permitted to testify in his own behalf, without the right to produce such evidence as he may deem proper; and judgment is entered against him without due process of law. *Wright v. Cradlebaugh*, 3 Nev. 341; Cooley's Con. Lim. 369; *State ex rel. McGraw v. Ensign*, 11 Neb. 529. This court, in *State v. Rusch*, 44 Wis. 582, has intimated that such statute cannot be upheld.

COLE, C. J. The defendant in error made a complaint in writing, under oath, to the municipal judge of the city of Eau Claire, charging one George P. Davis with having committed the crime of larceny, by stealing the property of

Anna Smith, of the value of $60. On the examination the municipal judge discharged Davis, on the ground that the evidence did not show that any offense had been committed by him. The municipal judge found, and certified in his docket, that the complaint made by the defendant in error was wilful and malicious and without probable cause, and entered a judgment against him for the costs of the proceedings, including witness' fees, pursuant to sec. 4791, R. S. An execution was issued to enforce this judgment as in actions of tort, and for want of goods and chattels to satisfy the same the complainant was committed to the common jail of the county until these costs were paid, or until he was discharged therefrom. Thereupon *Smith* presented his petition to a court commissioner of the county for a writ of *habeas corpus*, and asking to be discharged from imprisonment. In his return to the writ the under-sheriff set forth the commitment and warrant by virtue of which he held the petitioner in custody. On the hearing the commissioner discharged *Smith* from custody, on the ground that his imprisonment was unlawful. The cause was then brought to the circuit court by *certiorari*, where the order of the commissioner discharging the petitioner was affirmed. The cause has been brought to this court by a writ of error for a review of this decision.

The counsel for the defendant in error, while not admitting that a writ of error lies to review this decision of the circuit court, declined to argue the question of practice. The assistant attorney general, however, discussed the question, claiming that a review of the decision may be had in that manner. He insists that the decision of the circuit court affirming the order of the commissioner is in the nature of a final judgment, which may be reviewed by this court on writ of error. In numerous cases this court has reviewed proceedings on *habeas corpus* had before commissioners or a judge at chambers on *certiorari*, but the precise

question now presented has not been decided. There is no express provision made by statute for reviewing such a decision of the circuit court, but we are inclined to hold that it may be had on a writ of error. The order made in such a proceeding by the court is in the nature of a final judgment, and the policy of our constitution and laws is to allow a review of such an adjudication; and it is most in accord with our rules of practice and the analogies of the law to allow this to be done on writ of error. So far as the *dicta* of our decisions bear upon the point, they favor that practice. See *In re Crow,* 60 Wis. 349. It is true there is much authority for holding that a review of a decision on *habeas corpus* cannot be had by writ of error without a statute authorizing it, and the reason given is that the decision is not in the nature of a final judgment. But there is also much authority the other way. See *Yates v. People,* 6 Johns. 335; *Ableman v. Booth,* 21 How. 506; and cases cited by Mr. Justice BREESE in his dissenting opinion in *Hammond v. People,* 32 Ill. 446–457. But we shall not further discuss the question, but sustain the writ.

Both the commissioner and the circuit court held that the petitioner was entitled to be discharged from imprisonment, on the ground that sec. 4791, R. S., which authorized the municipal judge, on determining that the complaint was wilful and malicious and without probable cause, to enter a judgment against the complainant for all the costs, etc., was unconstitutional and void. We think the objection taken to the validity of this statute is not well founded. The assistant attorney general shows that a provision of a similar import has been upon our statute books since 1839. See sec. 7, p. 380, and sec. 11, p. 342, Terr. Stats. of 1839; secs. 20, 22, ch. 89, and sec. 9, ch. 144, R. S. 1849; and sec. 20, ch. 121, R. S. 1858. This fact is entitled to some weight in passing upon the validity of the provision. But it is said a judgment is entered against the complainant without due

process of law, or without giving him a trial by jury, or any opportunity to produce witnesses or make a defense. But a complaining witness who instigates a criminal prosecution maliciously, and without probable cause, in a sense makes himself party to it. His position is similar to that of a party who signs as surety an undertaking for the return of property replevied. Such a surety becomes a *quasi* party to the suit, and is liable to have judgment entered against him, with his principal, on the failure of the latter to maintain his cause. *Pratt v. Donovan*, 10 Wis. 378. We must assume that the defendant in error instituted the criminal prosecution in his own wrong, to harass and oppress an innocent party. There is no hardship in holding that by so doing he submitted himself to the jurisdiction of the examining magistrate. *In re Ebenhack*, 17 Kan. 618. The statute gave the defendant in error the right of appeal from the judgment where he could have had a trial upon the merits in the appellate court. The law in this respect has been changed since the case of *State v. Rusch*, 44 Wis. 582, was decided. As it now stands it obviates an objection which has sometimes been taken to a provision authorizing the examining magistrate to impose the costs of prosecution upon the complaining witness, and making the determination of the magistrate in the matter final. See *State ex rel. McGraw v. Ensign*, 11 Neb. 529; *State v. Roney*, 37 Iowa, 30. We do not think the section in question is obnoxious to any constitutional objection.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to that court to reverse the order of the commissioner discharging the petitioner from imprisonment.