## A. E. RICKLEY V. STATE OF NEBRASKA ET AL.

FILED OCTOBER 9, 1902.   No. 11,297.

Commissioner's opinion, Department No. 3.

Criminal Code: PROSECUTING WITNESS: GOOD FAITH: TAXATION OF COSTS: UNCONSTITUTIONALITY. Section 322 of the Code of Criminal Procedure, in so far as it authorizes the question of of the good faith of the prosecuting witness in instituting the prosecution to be tried and determined at the same time that the defendant is tried, and the taxation of costs against him in case it is found that in filing the information he acted maliciously or without probable cause, is unconstitutional and void.

ERROR from the district court for Sheridan county. Tried below before WESTOVER, J. *Reversed.*

One Lovekin was prosecuted in the county court for larceny on the information of one Rickley. Lovekin was acquitted, and the jury found the information without

probable cause. Judgment for costs against Rickley. Rickley brings error. Reversed on the ground that section 322 of Criminal Code is contrary to the due-process clause of the constitution.

*W. W. Wood*, for plaintiff in error.

*C. E. Woods* and *C. Patterson*, contra.

DUFFIE, C.

March 8, 1897, the plaintiff in error filed a complaint with the county judge of Sheridan county, Nebraska, charging one Lovekin with stealing certain pieces of machinery, of the value of $15. A warrant was issued on this complaint, the defendant arrested, and a trial had on March 18. The jury, after deliberating seventeen hours, was unable to agree upon a verdict and was discharged. The case was again tried on March 20 to a jury of four only, the state and the defendant agreeing thereto. This jury returned the following verdict: "We, the jury in the case, being duly impaneled and sworn, do find and say that the defendant is not guilty; and we further find that this cause was brought without probable cause." Judgment was entered on this verdict discharging the defendant, and taxing the costs of the prosecution to the complainant. The complainant thereupon took error to the district court, where the judgment of the county judge was affirmed, and from that judgment the complainant has prosecuted error to this court.

The testimony taken on the trial of the cause has not been preserved, and we can not say, therefore, whether the finding of the jury that the cause was brought without probable cause is supported by the evidence. There is in the record a paper entitled a bill of exceptions, signed by the county judge, and indorsed filed as of March 22, 1897, but the exceptions preserved in this bill go only to the action of the court in sustaining an objection to testimony offered by the state in one instance, and an objec-

tion made by the state to testimony offered by the defendant in another. Even these we can not consider, for the reason that while it appears that the bill was signed by the county judge and marked "Filed," the judge has erased his signature from the paper, and indorsed thereon a memorandum to the effect that the bill does not correctly set out the proceeding had upon the trial, and, because the plaintiff in error refuses to make the proper corrections therein, he refuses to certify the same. This memorandum is not dated, but, as the county judge would have no right to change a record, the presumption obtains that it was indorsed on the bill before the same was filed and made part of the record in the case. If the bill correctly sets out the proceedings had, the plaintiff in error had his remedy to compel by proper proceedings its allowance by the judge; but he can not ask us, nor are we permitted, to go behind the matters certified by the trial court to ascertain what actually took place on the trial. In this condition of the case, we can only examine the transcript and ascertain if the judgment is one that could legally be entered against the plaintiff in error. In *O'Chander v. Hansen,* 48 Nebr., 485, it was held that an appeal would not lie in favor of a complaining witness against whom a judgment for costs had been entered. It was intimated, however, that a writ of error would lie under section 580 of the Code of Civil Procedure; and, as the defendant in error does not question the right of the plaintiff in error to secure a review of the judgment in this way, we will not spend time in examining the question, further than to say that while an appeal will lie only in those cases provided by statute, a writ of error may be taken by anyone injuriously affected by a judgment, where the injury is the direct and immediate result thereof, and who stands in such relation to the case that he is competent to release the error. *Black v. Kirgan,* 15 N. J. Law, 45, 28 Am. Dec., 394.

Our Code of Criminal Procedure provides that upon the

trial of minor offenses before a magistrate, if the defendant is acquitted and the magistrate or jury trying the case shall state in the finding that the complaint was malicious or without probable cause, the magistrate shall enter judgment against the complainant for all costs that shall have accrued in the proceedings had upon such complaint, and shall commit such complainant to jail until such costs be paid, unless he give bond, etc. The latter part of this section was declared unconstitutional in *State v. Ensign,* 11 Nebr., 529, the reasons given being that the costs in such a case were a mere civil liability, for which a party could not be imprisoned. It is now insisted that the statute in so far as it authorizes the entry of a judgment for costs against the complaining witness in a criminal case, is in contravention of section 3, article 1, of the state constitution, which declares: "No person shall be deprived of life, liberty or property without due process of law." There is great force in the suggestion that the property of the citizen can not be taken or made liable in an action to which he is not a party to the record, and in which his rights are not directly put in issue; but whether this statute denies to a prosecuting witness his constitutional rights is a question not so easily determined as might seem at first glance, and it has, we confess, given us trouble to determine.

Many of our sister states—we think a majority of them —have a similar statute; and in three cases only, arising in Kansas and Wisconsin, has the question been raised and determined. In the other states, so far as an extended examination on our part has disclosed, the constitutionality of the statute has been assumed, and never questioned. *Burns v. State,* 5 Ala., 227; *Tuck v. State,* 8 Ala., 664; *State v. Branum,* 23 Ark., 540; *Jacobs v. State,* 20 Ga., 839; *Margrave v. United States,* 1 Morris [Ia.], 453; *State v. Donnell,* 11 Ia., 452; *Ex parte Cain,* 9 Mo., 769; *State v. Berry,* 25 Mo., 355; *State v. Bowling,* 14 Mo., 508; *State v. Cockerham,* 23 N. Car., 381 [1 Ired. Law]; *State v. Darr,* 63 N. Car., 516;

*Guffy v. Commonwealth,* 2 Grant's Cas. [Pa.], 66; *Hansard v. State,* 5 Humph. [Tenn.], 115; *State v. Green,* 2 Head [Tenn.], 356; *Commonwealth v. St. Clair,* 1 Gratt. [Va.], 556; *State v. Horton,* 89 N. Car., 581; *State v. Baldwin,* 79 Mo., 243; *Taylor v. State,* 39 Ark., 291; *State v. Owens,* 87 N. Car., 565; *State v. Spencer,* 81 N. Car., 519; *State v. Adams,* 85 N. Car., 560; *State v. Hughes,* 83 N. Car., 665; *Errickson v. State,* 10 Nebr., 585; *State v. Wormick,* 1 Lea [Tenn.], 559; *State v. Reisner,* 20 Kan., 548; *Shields v. Commissioners,* 5 Kan., 590.

In *State v. Rusch,* 44 Wis., 582, the court, while not expressing an opinion on the question, intimated that the statute was invalid; but the only question before the court, and the only one determined, was the question of the right of the complaining witness to appeal from a judgment for costs entered against him, the court holding that no right of appeal existed.

In a later case (*State v. Smith,* 65 Wis., 93), arising after the statute had been amended to give the complainant a right of appeal from a judgment against him, the statute was sustained, the court saying that: "A complaining witness who instigates a criminal prosecution maliciously, and without probable cause, in a sense makes himself a party to it. His position is similar to that of a party who signs as surety an undertaking for the return of property replevied. * * * The statute gave the defendant in error the right of appeal from the judgment where he could have had a trial upon the merits in the appellate court. The law in this respect has been changed since the case of *State v. Rusch, supra,* was decided. As it now stands it obviates an objection which has sometimes been taken to a provision authorizing the examining magistrate to impose the costs of prosecution upon the complaining witness, and making the determination of the magistrate in the matter final." It will be noticed from the above quotation that the court sustains the statute upon the theory that the complaining witness, by filing the complaint, occupies the relation of a surety,

and that the statute grants him the right of appeal where his liability may be passed upon separate and apart from the question of the guilt or innocence of the party against whom the information was filed. In view of the provisions of section 287 of our Criminal Code, which authorize the magistrate to require the complainant to acknowledge himself responsible for the costs before issuing a warrant of arrest for a misdemeanor, it can not be supposed that our legislature understood or intended that the complainant bound himself for the costs by signing the information merely, or otherwise than by becoming expressly obligated therefor, and the reasoning of the Wisconsin case in this respect, if otherwise sound, could hardly apply in this state.

·In re Ebenhack, 17 Kan., 618, was a petition for a writ of habeas corpus, the petitioner alleging that he was restrained of his liberty because of his refusal to pay the costs of a prosecution in which he was the complainant. The district court ordered his release upon the ground that the statute was invalid; but this order was reversed by the supreme court, which held that the legislature might not only authorize the taxation of costs against a complaining witness who maliciously or without probable cause instituted a criminal prosecution against another, but might also direct his imprisonment for a refusal to pay them. Judge Brewer, who delivered the opinion of the court, said: "By coming into court and filing his complaint, he (the prosecuting witness) submits himself to the jurisdiction of the justice, and at the same time that the question of the guilt of the person, by his affidavit charged with crime, is tried, his own conduct in the premises is inquired into. True, he is not upon the record as a party plaintiff, or defendant; but the prosecution is instituted at his instance, and he appears upon the record as the complaining party. Many civil proceedings were formerly in the name of the state upon the relation of someone. * * * It is true, also, that no formal accusation is presented against the complainant upon

which he is tried and found guilty, and that the first written statement of his wrong is in the finding and order; but the same is equally true in many cases in commitments for contempt. There, often the first writing is the order of the court committing the offender for the contempt. The proceeding is summary, but it is clear that it is due process of law, and that the offender has had his day in court. Indeed, it may well be considered that he who maliciously, or without probable cause, invokes the process of a court to oppress and wrong an innocent party, by placing him under arrest and upon trial for violation of law, is guilty of a contempt of court. * * * Again, it is said that this is in conflict with section 16 of our bill of rights. 'No person shall be imprisoned for debt except in cases of fraud.' But these costs are cast upon him as a penalty—they do not constitute strictly and simply a debt, in the technical sense of the word, any more than the fine imposed upon a party convicted of assault and battery is a debt. The legislature has in effect declared that an unwarranted appeal in this class of cases to the criminal law is itself a violation of law, and subjects the offender to punishment; and the penalty imposed is the costs of the unwarranted proceedings. *Shields v. Commissioners,* 5 Kan., 590; *State v. Donnell,* 11 Ia., 452; *State v. Darr,* 63 N. Car., 516." The court followed this case in *In re Lowe,* 47 Kan., 769, but it is evident from the opinion that the supposed binding force of early decisions had much to do with securing the assent of the court as then constituted.

It is apparent that the argument above used in support of the validity of the statute is forced, and to our minds it is unsatisfactory. Especially is this so in view of the provisions of section 604 of the Compiled Statutes of 1901, which make it the duty of the county attorney to appear on behalf of the state before any magistrate and prosecute all complaints on behalf of the state of which any magistrate shall have jurisdiction. This statute gives to the county attorney full control of the

case, and while the complainant is, in a sense, represented by counsel—the county attorney—he is given no choice as to whom he will employ, except by the consent and favor of the public prosecutor, who may take full control of the case, and exclude other counsel, should the complainant desire additional assistance. He calls such witnesses as he pleases; he controls all offers of evidence; he saves an exception to the rulings of the court, or not, at his pleasure; the interests of the complainant are wholly at his mercy, and are protected or left to suffer as he may choose; and presuming, as we may and should, that the county attorney is both qualified to try the case and honestly striving to do his whole duty in the matter, it is still evident that if the complainant's interests are protected, it is as a matter of favor, and not a legal right which could be enforced, as it is more than doubtful if the relation of attorney and client exists in such a sense as to render the public prosecutor liable in an action for negligence or unskillfulness. Again, there are many apparent difficulties in trying at the same time and before the same jury the question of the guilt of a defendant, and the good faith of the complaining witness in commencing the prosecution. The advice of an attorney, after a full statement of the facts, would be competent evidence for the complainant upon the question of his good faith in commencing the prosecution, but would be highly objectionable if offered on that of the guilt or innocence of the defendant. The complainant's wife or son, or a neighbor in whom he had the utmost confidence and whose integrity had never been doubted, may have informed the complainant that he saw the defendant steal his property, and this the complainant could show as evidence of his good faith; but as against the prisoner charged with the larceny this would be hearsay and wholly inadmissible. It is evident that many cases may arise where a fair trial can not be given the defendant on the question of his guilt of the crime charged, and the complainant on the question of his good

faith in commencing the prosecution. That occasion exists for a statute authorizing the taxation of costs against one who maliciously and without probable cause institutes a criminal prosecution against his neighbor, is no reason for upholding ·a statute which may deny the honest complainant his day in court and a fair hearing. If the statute provided for an appeal by the complainant in case he felt aggrieved by a judgment taxing the costs against him, giving him an opportunity to present to the appellate court the single question of his good faith, aided by counsel of his own selection, the present objections to the statute would probably be removed; but in its present form we think it can not be sustained, and therefore recommend that the judgment be reversed.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.