MARTIN TEATS V. GEORGE W. FOX.

FILED FEBRUARY 8, 1906.  No. 14,103.

Criminal Law: Costs: Constitutional Law.  Section 22, chapter, 50, Compiled Statutes of 1905, in so far as it authorizes the taxation of costs against a complaining witness, unless the court shall sustain the finding that there was probable cause for the complaint, is unconstitutional and void.

ERROR to the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE.  *Affirmed.*

*H. M. Sinclair, Warrington & Stewart* and *H. D. Rhea*, for plaintiff in error.

*E. A. Cook* and *Geo. W. Fox, contra.*

JACKSON, C.

The defendant in error made complaint before the police judge of the city of Lexington charging one Gilmore with unlawfully keeping for sale intoxicating liquors.  A warrant was issued upon the complaint and the accused taken into custody by the sheriff.  Upon motion of Gilmore the complaint was quashed, the proceeding dismissed, and, among other things, it was ordered that the costs be taxed to the complaining witness.  Execution was issued for the costs and levied upon the property of the defendant in error, who replevied the same, and upon trial in the district court had judgment determining the right of property and the right of possession to be in him.  The plaintiff in error is the officer who had the execution and made the levy, and from the judgment against him in the replevin proceedings he prosecutes error.

The taxation of costs against the complaining witness it is attempted to justify under the provisions of section 22 chapter 50 Compiled Statutes 1905 (Ann. St. 7172).  That portion of the section authorizing the costs to be so taxed reads as follows:  "If the defendant be discharged

the costs shall be paid by the complaining witness unless the court shall sustain the finding that there was probable cause for the complaint." In *Rickley v. State,* 65 Neb. 841, it was held that section 322 of the criminal code, in so far as it authorizes the question of the good faith of the prosecuting witness in instituting the prosecution to be tried and determined at the same time that the defendant is tried, and the taxation of costs against him, in case it is found that in filing the information he acted maliciously and without probable cause, is unconstitutional and void. The conclusion there reached is based upon the reasoning that a complaining witness in the trial of a misdemeanor is in no sense a party thereto; he exercises no control over the prosecution, is given no voice as to what evidence shall be offered or produced at the trial, in fact, is denied the right to have the question of his good faith in making the complaint investigated and determined, and that to permit the costs of such a proceeding to be taxed against him, and his property seized and sold to satisfy the order taxing the costs, would be to take his property without due process of law.

It is urged in behalf of the plaintiff in error that the conditions here are different; that under the provisions of section 23 of the act in question a complaining witness is, in effect, a party in interest, because, upon conviction and payment of any fine that may be imposed upon the accused, the complaining witness is entitled to receive from the municipality issuing the license a sum equal to one-fourth of the amount of the fine; but in *Chapin v. Seward County, ante,* p. 745, it is held that, where the complaint was for selling liquor without a license, as in this case, no such compensation to the complaining witness could be made.

We are unable to distinguish the case at bar from *Rickley v. State, supra,* and hold that section 22, chapter 50 of the Compiled Statutes 1905 (Ann. St. 7172), in so far as it authorizes the taxation of costs against the complaining witness is unconstitutional and void.

We recommend that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.