THE STATE v. BALDWIN, *Plaintiff in Error.*

1. Costs: APPEAL. It seems that an informer cannot appeal from a judgment against him for costs rendered by a justice of the peace in a criminal proceeding pursuant to section 2054, Revised Statutes 1879.

2. ———: IMPEACHMENT OF VERDICT. On a motion to re-tax the costs assessed against an informer in consequence of a finding by the jury that the prosecution was malicious, evidence is not admissible to contradict the verdict, or to show that it was rendered through prejudice or corruption.

*Error to Johnson Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*Sam'l P. Sparks* for plaintiff in error.

*D. H. McIntyre*, Attorney General, for the State.

SHERWOOD, J.—Baldwin filed an affidavit before a justice of the peace, charging Katherens with selling intoxicating liquors without a license. There was a change of venue taken to George Washington, a justice of the peace. This was granted on the application of Katherens. At first there was a mistrial, the jury failing to agree; but on the second trial the jury returned: "We, the jury, find the defendant not guilty, and that the prosecution was without probable cause, or was malicious and without probable cause." Whereupon the justice entered an order discharging Katherens and a judgment against Baldwin, the informer, for the costs.

From this judgment Baldwin appealed to the criminal court of Johnson county, where he filed his motion to re-tax the costs, as follows: 1st, Because on the verdict of the jury as returned before the justice of the peace, as shown on the record, the said justice had no jurisdiction to render any judgment against appellant for the costs in

and about said prosecution. 2nd, Because the complaint filed by appellant against defendant, Katherens, was not made with malice, without probable cause of believing said defendant guilty, as appellant is ready and willing to prove to the court by competent testimony.

Said motion coming on for a hearing in said criminal court, Baldwin offered testimony tending to show that Katherens had sold intoxicating liquors as charged in the information against him, filed before the justice of the peace; and evidence tending to show that on the trial which resulted in the acquittal of Katherens, there was positive, uncontradicted testimony by competent and credible witnesses, of the guilt of said Katherens as charged in the information before the jury who acquitted Katherens; all of which testimony so offered was rejected by the court, to which action of the court Baldwin excepted and saved his exception. Baldwin then offered testimony tending to show that the verdict so rendered was in the handwriting of one A. B. Logan, who was the attorney of Katherens before the said justice of the peace, and acted as such before the jury who returned the said verdict; which evidence was rejected by the court, and to which action of the court Baldwin excepted and saved his exception. Baldwin then offered evidence tending to show that the jury were prejudiced against him and rendered their verdict corruptly against him; which testimony was all rejected, and to the action of the court in rejecting same, appellant excepted and saved his exception. The court denied the motion, to which action appellant excepted. The cause then coming on for trial, the court refused to hear any testimony in the cause or grant appellant any trial of same whatever, but ordered and adjudged that the same be stricken from the docket for this reason, that it is improperly on this docket, which was accordingly done. To which action of the court last aforesaid, to-wit, in refusing to hear any evidence in said cause—to grant appellant any trial or relief for the injury complained of—in striking said cause from its docket

without trial, and refusing to proceed with the trial, appellant excepted and saved his exception at the time. And within four days filed his motion for a new hearing of said cause, and for a trial of said cause, specifying all necessary grounds. This motion being also denied, Baldwin brings this cause here by writ of error.

The state of facts thus disclosed by the record, calls for answers to these questions: 1st, Did the court err in the course it pursued? 2nd, Was that error a material one? Section 2054 of the Revised Statutes 1879, is as follows: "Where the proceedings are commenced before any justice by information, at the instance of the injured party, for any trespass against the person or property of another, except for petit larceny, the name of such injured party shall be entered by the justice on his docket as prosecutor, and if the defendant shall be discharged or acquitted, such prosecutor shall be adjudged to pay the costs not otherwise adjudged; and in every other case of acquittal, if the justice or jury trying the case shall state in the finding that the prosecution was malicious or without probable cause, the justice shall enter judgment for costs against the party who made and filed the information and shall issue execution therefor; but in no case shall the prosecuting attorney be personally liable for costs. In other cases of discharge or acquittal the costs shall be paid by the county."

This proceeding was not one commenced by the "injured party," as is readily apparent from an inspection of the section just quoted, but it falls into another class in that section mentioned, where provision is made that if the finding shall be that the prosecution is malicious or groundless, judgment for costs is to go against the informer. Inspection of other sections will show that no provision is made in the statute under discussion for an appeal to be taken except in the case of a "person convicted." § 2058. And besides, while section 21 of the old law, (2 Wag. Stat., 855,) provides that: "In all cases not specially provided

for by this chapter the process and proceedings before the justice shall be governed by the laws regulating proceedings in justice's courts in civil cases," section 2056 of the present and amended law requires such proceedings to be "governed by the practice in criminal cases in courts of record, so far as the same may be applicable and in respect to which no provision is made by statute." These changes in the statutes would seem to give color to the position taken by the trial court that the cause was improperly on the docket. It is certain that the State would have no right of appeal had the defendant been acquitted, and it would seem that one who institutes the prosecution and is not a formal party to the record, should possess no greater rights than does the State.

But waiving this point, how was Baldwin prejudiced by the action of the court in dismissing his appeal? His 2. ——— : impeach- motion to re-tax costs was not based on ment of verdict. the ground that they were excessive; the justice unquestionably had jurisdiction, and as to the merits of the cause the verdict of the jury was a finality, and so far as concerns the formality of the concluding portion of the verdict, no importance can be attached to it. So that even should we reverse the judgment assuming that the court erred in striking the cause from the docket, still as Baldwin could not open the merits and have a trial *de novo* if the cause should be remanded, and as defeat would await him unless this could occur, we shall affirm the judgment. All concur.